LEWIS *vs.* SINGLETON, HUNT & Co. *et al.*

In answer to a rule to show cause why a defendant to a bill should not be attached for refusing to turn over goods to a receiver appointed by the chancellor, it is not sufficient to show that he was not officially apprised of such appointment, if he had actual notice of the order requiring him to make such delivery.

Equity. Receivers. Contempt. Before Judge CRISP. Macon County. At Chambers. June 6, 1878.

To the report contained in the decision, it is only necessary to add the following:

It appears from the bill of exceptions that the second demand by the receiver was made after service of the bill and order; and the judge certified that it was so admitted by the counsel for defendant. The first demand appears to

have been made with notice to defendant of the proceedings, but before service by the sheriff. The order to turn over the goods, or show cause why defendant should not be attached for contempt, was granted between the two demands, and served shortly after the latter. The chancellor declined, on the attachment proceeding, to entertain the merits of the original bill, or anything but the question of contempt.

Ozier & Odom; Hall & Son, for plaintiff in error, cited as follows: On the question of service, Code, §4871; 41 *Ga.*, 476. On the original bill, Kerr on Rec., 137; Code, §§3211, 3216; 56 *Ga.*, 525; 27 *Ga.*, 193; Kerr on Rec., 58, 59; 47 *Ga.*, 530; 50 *Ib.*, 370; 42 *Ib.*, 124, 131, 134; High on Rec., §406; 12 *Ga.*, 189; 27 *Ib.*, 193; Code, §§3297, 3301; High on Rec., §10; 3 Russ., 94.

Hawkins & Hawkins; Lloyd & Haygood, for defendants.

Warner, Chief Justice.

It appears from the record and bill of exceptions in this case, that on the 24th day of May, 1878, Judge Crisp, at chambers, sanctioned a bill filed on the equity side of the court, and passed the following order: "It appearing that there is a present emergency for the same, Allen H. Greer is hereby appointed a receiver to take into his possession the said stock of goods, and hold the same until the further order of the court."

It also appears that the receiver demanded the goods of the defendant, Lewis, on the 27th and 28th days of May, and that he refused to deliver the same to him; whereupon the chancellor, on the facts being made known to him upon oath, granted an order on the 27th of May, 1878, requiring said defendant, Lewis, to turn over said stock of goods to said receiver, or show cause why he should not be attached for contempt in disobeying the order of the court. The de-

fendant appeared and showed for cause, amongst other things, that the said bill and order was not served upon him until the afternoon of the 28th of May, 1878; that the same had not been served upon him when the demand for the goods was made upon him by the receiver, and when he refused to deliver the same. The chancellor, after hearing and considering the defendant's answer, and the affidavits submitted on the hearing of the motion, ordered and adjudged that the defendant was in contempt of the order of the court, and that he be attached and imprisoned until he purge himself of said contempt by delivering the stock of goods to the receiver. Whereupon the defendant excepted.

It was not necessary that the defendant should have been *officially* apprised of the receiver's appointment, if he had actual knowledge of the granting of the order requiring him to turn over the goods to the receiver; that was sufficient. High on Receivers, section 166. In view of the evidence contained in the record, we will not interfere with the exercise of the discretion of the chancellor in this case.

Let the judgment of the court below be affirmed.