## WIMPY *vs.* PHINIZY.

Where an injunction was granted against a defendant, his servants, agents, and employes, restraining them from interfering with the possession, use and enjoyment by complainant of a certain house, an attorney who represented the defendant on the hearing, and who had notice of the injunction, was bound thereby; and he could not, by virtue of subsequent employment by other parties claiming the house, take possession of the same, or put others in it.

(*a.*) Having done so, an order requiring him to remove the tenants put in the house by him, and return the same to the complainant or his agents, by a specified time, or in default that he be imprisoned until he should do so, was right.

Injunction. Attorney and Client. Practice in Superior Court. Before Judge ERWIN. Hall County. At Chambers. August 6th, 1881.

Reported in the decision.

W. F. FINDLEY; J. M. TOWERY, for plaintiff in error.

J. B. ESTES & SON; S. C. DUNLAP, for defendant.

JACKSON, Chief Justice.

The plaintiff in error was made to answer for contempt of the chancellor, in setting at defiance and violating an

injunction issued against John J. Hayden and his agents, employes, etc., restraining them from all interference with a certain house until the further order of the chancellor. Wimpy, the plaintiff in error, was of counsel for Hayden, and in court when the injunction was granted at the suit of Phinizy, and yet he violated its commands by putting two persons in possession of the house. He sought to justify his conduct by the answer that he was not of counsel for Hayden when he put these people in the house, which he was enjoined not to, but was then employed by others, who had bought from Hayden before the injunction, and put them in as tenants of these purchasers. The chancellor held this answer insufficient, and granted an order requiring Wimpy to turn out the persons he had put in, or cause them to vacate the premises, so as to place the premises in *statu quo*, or, in default thereof, to be imprisoned until this was done. To this order he excepted.

The chancellor has the power to attach for contempt, and restore the premises to the condition they were in at the time the injunction was granted, and to enforce the restoration by imprisonment. If he did not possess it, parties and their counsel, or other employes, could defy the writ and retain the possession acquired by its defiance; and such, substantially, is the ruling of this court. 54 *Ga.*, 257; 56 *Ib.*, 98.

Was the excuse of the plaintiff in error good? Clearly not. He was an employe of Hayden when he and his employes were enjoined, and he could not, by changing his status and being employed by others, relieve himself of the obligation to obey the writ. It is immaterial whether he was served with it or not. He had knowledge of it in open court, and any such notice is amply sufficient to insure his obedience or incur the consequences of disobedience. 61 *Ga.*, 164.

Besides, the employment subsequently by the purchasers from Hayden and then violating the injunction, has the appearance of a subterfuge—a sort of trick to secure

possession for the original client, in the name of secondary employes.

Be that as it may, no man enjoined from interference with property by a court of chancery can be allowed, by shifting his position—his relation to the cause, even innocently of trick or contrivance, to do what he knew the court had ordered him not to do. And above all, no officer of court can be permitted to do so with impunity ; and of all officers of the court, the last who should be permitted thus to violate law are those who owe allegiance and fealty peculiarly to the law, by their knowledge and learning, no less than by their high and honorable vocation of counsellors at law.

There was no error in the order of the chancellor, requiring Mr. Wimpy to restore this property where he found it when he took possession of it and wrested it, as it were, from the hands of the chancellor, or, on failure to do so, that he be imprisoned until it was done. The majesty of the law must be maintained; its mandates must be implicitly obeyed. Code, §§3237, 4216, 4218 ; 36 *Ga.*, 346; 41 *Ib.*, 446; 27 *Ib.*, 476.

Judgment affirmed.