### *In re* HOPKINS' WILL.

(*Surrogate's Court, Westchester County.*   November, 1888.)

1. WILLS—PROBATE AND CONTEST—DISQUALIFICATION OF SURROGATE—LEGATEE.
   Under Code Civil Proc. N. Y. § 2496, which provides that a surrogate shall not sit on an application for probate when he claims to be heir or next of kin or a devisee or legatee of the testator, or where he is named as trustee in the will, a surrogate who is one of the church-wardens of a church, to whose rector, wardens, and vestrymen a bequest is made for the purpose of erecting a memorial window or pulpit, is not disqualified.

2. SAME—RELATION TO PARTY.
   Nor is the surrogate disqualified by section 46, which provides that no judge shall sit in any proceeding where he is related to any party thereto, by consanguinity or affinity, within the sixth degree, where his wife is a legatee under the will offered for probate, but not a party to the proceeding.

3. SAME—REMOVAL OF DISQUALIFICATION—LOSS OF INTEREST.

    If the legacy to the wife would disqualify the surrogate from sitting on the application for probate, such disability is removed when the wife, who is a subscribing witness to the will, testifies to prove its execution; as under 2 Rev. St. N. Y. p. 65, § 50, her legacy becomes void thereby, and it is immaterial that the next of kin, the contestant, consents in writing that she may testify without the loss of the legacy, as he cannot consent for the legatees and other interested persons not parties to the proceeding.

4. SAME—WAIVER OF OBJECTIONS.

    The objection to the surrogate's competency, on the ground of his wife's interest as legatee, if well taken, is waived by the failure of the contestant to make them before joinder of issue in the probate proceedings, as provided by Code Civil Proc. N. Y. § 2497.

5. SAME—PLEADING—MULTIFARIOUSNESS.

    A petition seeking to vacate a decree admitting a will to probate, under Code Civil Proc. N. Y. § 2481, and also to revoke the probate as provided in title 3, art. 2, c. 18, is multifarious.

    Petition by Peter H. Hopkins, next of kin of Louisa S. Hopkins, deceased, to revoke a decree admitting her alleged will to probate on the application of Henry H. Lane, the executor named therein. The will was contested by said Peter H. Hopkins on the ground—*First*, that the surrogate was interested as a legatee, being a warden of a church to whose rector, wardens, and vestrymen a bequest was made for the purpose of constructing a memorial window or pulpit; and, *second*, that the wife of the surrogate, Mrs. Coffin, was a legatee under the will.

    *Peter H. Hopkins, pro se.   R. H. Frost,* for the executor.

    COFFIN, S. The petition in this matter as to the relief sought, is dual in its character. It seeks—*First*, an order vacating the decree admitting the will to probate, as provided by subdivision 6, § 2481, Code; and, *second*, the revocation of the probate, as authorized by title 3, art. 2, c. 18, thereof. On the application to vacate the decree, only the parties in the original probate proceeding need be cited; but in the proceeding to revoke, not only those parties, but all the legatees, etc., are required by statute to be cited. The first proceeding involves a mere motion; the latter, a trial upon the merits. The petition is therefore objectionable as multifarious. I will, however, proceed to consider the motion to vacate, which is, thus far, the only matter submitted. This I have power to determine. *Seamen* v. *Whitehead,* 78 N. Y. 306.

    The petitioner alleges in his application that, at the time the will was proved and the decree entered admitting the same to probate, the surrogate was disqualified from acting, and had no jurisdiction in the premises, because—*First*, he was at the time an officer of the corporation of St. Peter's Church, to whom a legacy was bequeathed for a certain purpose; and, *second*, because his wife was and is a legatee under the will of the deceased; and prays that such decree be set aside as irregular and void for want of jurisdiction. Briefs have been submitted by both counsel on this point only, and I am required to decide the question.

    The sections of the Code bearing upon the subject are as follows: "Sec. 46. A judge shall not sit as such in, or take part in the decision of, a cause or matter to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related, by consanguinity or affinity, to any party to the controversy within the sixth degree. * * *" "Sec. 2496. In addition to his general disqualifications as a judicial officer, a surrogate is disqualified from acting upon an application for probate, or for letters testamentary, or letters of administration, in each of the following cases: *First.* Where he is, or claims to be, an heir or one of the next of kin to the decedent, or a devisee or legatee of any part of the estate; *second,* where he is a subscribing witness, or is necessarily examined, or to be examined, as a witness, to any written or nuncupative will; *third,* where he is named as executor, trustee, or guardian, in any will or deed of appointment involved in the matter. Sec.

2497. An objection to the power of a surrogate to act, based upon a disqualification, established by special provision of law, other than one of those enumerated in the last section, is waived by an adult party to a special proceeding before him, unless it is taken at or before the joinder of issue by that party, or where an issue in writing is not formed at or before the submission of the matter or question to the surrogate."

If, therefore, the surrogate was disqualified from acting, by reason of any provisions of law other than those contained in section 2496, it was incumbent upon the petitioner, if he wished to avail himself thereof, to have interposed the appropriate objections before the matter was submitted on the depositions of the witnesses. So far from doing this, he filed a consent in writing that the subscribing witnesses should be immediately examined, with a view to the probate of the will. He raised no objection of any description. So far as the question of affinity is concerned, if not waived, it could not have been sustained, for the reason that the wife of the surrogate was not a party to that proceeding. The only parties were the proponent, named as executor, and this petitioner. And, besides this, 2 Rev. St. p. 65, § 50, renders the legacy void by reason of her having been one of two subscribing witnesses to the will, without whose testimony it could not have been proven. She was a resident of the state, competent to testify, as those proceedings show, and was neither an heir at law nor next of kin of decedent, nor otherwise entitled to any share of her estate, had she died intestate. Thus that witness, being by law deprived of the legacy, ceased to have any interest in the matter, and it stood in the same position as if she had not been named as a legatee. But the petitioner, probably seeing the difficulty, sought to obviate it by filing, in this matter, a stipulation that she be examined, on reproving the will, without forfeiting her legacy. This it is not competent for him alone to do. If the legacy to her fail, as it does under the statute, and the will be undisturbed, it will fall into the residuum, in which several persons besides the petitioner are interested. It is sufficient, however, to say that the decree cannot be revoked on that ground, as the objection, if it had been raised, was without force.

The only remaining question is, was the surrogate disqualified by reason of the provisions of subdivisions 1 and 3 of section 2496? Undoubtedly, persons, and classes of persons, and corporations may be legatees. Is the surrogate, or does he claim to be, a legatee of any part of the estate? He certainly makes no claim to that effect, nor is any legacy bequeathed to him by the will. A legacy is given to a religious corporation, of which he is an officer, for certain purposes. He is not named or described as legatee, but the corporation is. It is not given to both. If any special provision of law anywhere forbids his sitting in such a case, on the ground that he is interested as an officer of the corporation, the petitioner waived it by failing to raise the objection. But the surrogate has nothing to gain or loose by this provision for the church, which has now its complement of windows, and its lecturn and pulpit. Sentiment might be granted by the bequest, but no pecuniary interest is affected. Nor is he "named" as executor, trustee, etc., in any manner. It is true the corporate body may act as trustee in applying the amount of the legacy in the manner indicated, but the surrogate is not "named" or called by name in the will as executor or trustee. The statute objects to acting only where his name is inserted as such executor, etc. If any other valid objection, under any special provision, might have been raised, it has also been waived. The facts alleged are insufficient to warrant the making of the certificate, as provided by section 2487 of the Code. For the reason assigned the motion is denied.