*A. H. Freeman,* for plaintiff. *Boykin & Boykin,* for defendants.

---

CLAY *et al. v.* COGGINS *et al.*

GEORGE, J.   J. A. G. Anderson died intestate on October 10, 1917, leaving neither widow nor children nor representatives of children. J. D. Anderson and P. W. Camp were appointed temporary administrators on his estate. They made application for permanent letters of administration, and this application was caveated by H. B. Clay and H. H. Clay. Upon the hearing before the ordinary, H. B. Clay and H. H. Clay were appointed permanent administrators of the estate. From this judgment J. D. Anderson and P. W. Camp entered an appeal to the superior court. Pending the trial of the issue on appeal, Gus Coggins and other persons, including one of the temporary administrators, alleging themselves to be creditors of the estate of J. A. G. Anderson, instituted an equitable action for themselves and others similarly situated, against J. W. Clay and others, the heirs at law of J. A. G. Anderson, the temporary administrators, J. D. Anderson and P. W. Camp, and the permanent administrators, H. B. Clay and H. H. Clay, to enjoin the temporary administrators from the further management and control of the estate, and for the appointment of a receiver and the administration of the estate in equity. In substance the petition alleged, that the estate was insolvent; that the creditors (large in number) were the only persons interested in the estate; that the estate consisted of certain houses and lots in the city of Marietta, a moving-picture theater, and a livery-stable, including live stock, buggies, carriages, and hearse; that a large portion of the personalty had been sold by the temporary administrators; that the appointment of a receiver was necessary to the proper preservation of the estate; that the kinsmen of the deceased were engaged in litigation over the right to administer the estate; that this litigation would be prolonged and expensive; and that the claims due the creditors were interest-bearing, and already exceeded the total value of the estate. When the petition was presented to the judge an order was passed ex parte, appointing temporary receivers; and a rule issued, directing the defendants to show cause at a certain time and place why the prayers of the petition should not be granted. Subsequently other persons intervened, among them W. E. Sewell, who averred that he was an heir at law of J. A. G.

Anderson and a creditor of his estate in a named amount. In verifying his intervention, and for the purpose of presenting the same to a judge of another circuit, the intervenor made oath that he was related to the judge of the circuit who had appointed temporary receivers and issued the rule to show cause, within the prohibited degrees. The intervention was allowed by the judge to whom the same was referred, and W E. Sewell was made a party plaintiff. J. W. Clay, H. B. Clay, H. H. Clay, and others of the defendants who were alleged to be kinsmen of J. A. G. Anderson, demurred to the petition. The principal grounds of demurrer were: that the petition fails to set forth a cause of action; that there is no equity in the bill; that the plaintiffs have an ample and adequate remedy at law; and that the court of ordinary, a court of competent jurisdiction, has acquired jurisdiction of the administration, and the allegations of the petition fail to show cause why a court of equity should interfere. There was a further demurrer because the judge of the circuit, to whom the petition was presented and who sanctioned it, granted the rule nisi thereon, and appointed temporary receivers, was related, by consanguinity within the degree prohibited by law, to intervenor W. E. Sewell, which fact appeared in the affidavit to the intervention filed by W. E. Sewell. The defendants also answered the petition. At the appearance term of the superior court of the county in which the petition was filed, but before a judge of the superior court of another circuit, the cause came on for hearing. The demurrers, general and special, were overruled, and the receivership made permanent. The defendants excepted. *Held:*

1. The court did not err in overruling so much of the demurrer as related to the alleged disqualification of the judge to whom the original petition was presented, and in refusing, on motion, to dismiss the petition upon the ground urged, viz., that the sanction thereof and the granting of the rule nisi thereon were nugatory by reason of the facts set up in the demurrer.

2. The petition did not set forth facts sufficient to authorize a court of equity to interfere with the regular administration of the estate; and the general demurrer to the petition, based upon that ground, should have been sustained and the case dismissed. The error in overruling the demurrer rendered nugatory the subsequent order of the court appointing permanent receivers to administer the estate in a court of equity. Civil Code, § 4596; *Morrison* v. *McFarland,* 147 *Ga.* 465 (94 S. E. 569), and cases cited.

<em>Judgment reversed. All the Justices concur.</em>

No. 915. NOVEMBER 15, 1918.

Injunction and receivership. Before Judge Wright. Cobb superior court. March 22, 1918.

*Mozley & Gann, H. B. Moss, John P. Cheney,* and *Fielder & Fielder,* for plaintiffs in error.

*Fred. Morris, D. W. Blair, A. M. Dobbs,* and *G. F. Gober,* contra.