## ROBERSON *et al. v.* ORR *et al.*

1. Where the judge of the superior courts of one circuit grants an order upon a petition, duly filed, for mandamus and injunction, and afterwards it is made to appear that the judge is disqualified by reason of his relationship to one of the parties named as respondents in the petition for mandamus and injunction, and by consent of all the parties, because of the disqualification growing out of the relationship of the judge of the circuit in which such proceedings are instituted, the judge of another circuit takes jurisdiction of the mandamus proceedings, and subsequently a petition is presented to this latter judge, alleging the violation of the terms of the injunction granted in the former proceeding, and praying that the respondents be punished for contempt, though the petition does not recite the fact of the disqualification of the judge of the circuit in which the mandamus proceedings are pending, it is not demurrable on the ground that the judge of the other circuit taking

jurisdiction does not appear, from the allegations of the petition, to have jurisdiction of the case.

2. Where a petition for injunction is presented, seeking to restrain several named parties from the commission of certain specified acts, and the judge to whom the petition is presented grants a restraining order thereon, though the judge granting the order is disqualified because of his relationship to one of the parties to the case, the order itself is not void; and one · of the defendants named in the petition, who, with knowledge of the granting of the order and the terms thereof, commits the acts inhibited, is guilty of contempt of court. Whether such an order granted by a judge who is disqualified is voidable is not decided, it being merely decided that while it stands a party who violates the terms thereof does so at his peril.

3. The judge was authorized, under the evidence, to find that the defendants were guilty of contempt and to pass the order complained of.

No. 3945. APRIL 17, 1924.

Contempt, etc.    Before Judge Eve.    Brantley superior court. July 16, 1923.

On June 20, 1923, Jerome Orr, W. R. Johnston, J. K. Larkin, and L. A. Druehl, the defendants in error, presented their petitions to Honorable R. Eve, judge of the superior courts of the Tifton judicial circuit, praying that plaintiffs in error, W. M. Roberson, M. H. Robinson, J. R. Griffin, C. W. Walker, J. D. Highsmith, J. R. James, W. R. Wainwright, P. H. Dilleshaw, J. R. McClelland, and W. S. Cross, be adjudged in contempt of court and punished therefor, because of an alleged violation of a restraining order granted by Honorable J. I. Summerall, judge of the superior courts of the Waycross judicial circuit, on June 22, 1923; and that all acts of plaintiffs in error in connection with the consolidation of the votes cast in an election held in Brantley County, Georgia, on June 21, 1923, on the question of the removal of the county-site of said county, after notice of said restraining order, be declared null and void. On June 29, 1923, the judge to whom the petitions were presented granted orders thereon, requiring the plaintiffs in error to show cause before him at Tifton, Georgia, on July 14, 1923, why the prayers of the petitions should not be granted. On July 14, 1923, the plaintiffs in error appeared in person and by attorney before Judge Eve at Tifton, and presented their separate demurrers and answers to the petitions served upon them. All of the petitions were in the same form, except the petition served on W. M. Roberson; and all the demurrers and answers of plaintiffs in error were in the same form, except the demurrer and answer of W. M. Roberson. On

the same day the judge presiding entered an order, reciting that all the proceedings grew out of the same transaction and involved the same facts, and consolidating all of the proceedings against plaintiffs in error, and directing that they proceed thereafter as one proceeding or cause. The consolidated case thereupon proceeded to trial before Judge Eve, on the petitions of defendants in error and the demurrers and answers of plaintiffs in error. Both sides introduced evidence, and after argument of counsel the judge presiding took the case under advisement. On July 16, 1923, the judge entered an order overruling the demurrers to the petitions, and a separate order in which, while deciding that plaintiffs in error were not guilty of criminal contempt of court, held that all that plaintiffs in error did in connection with the consolidation of the votes cast in the election referred to was null and void, and directed that plaintiffs in error restore the status of the election proceedings existing at the time the restraining order was first brought to their attention, and directed further that copies of the order should be filed with the Secretary of State of Georgia and the clerk of the superior court of Brantley County.

Judge Eve, as judge of the superior courts of the Tifton judicial circuit, had taken jurisdiction, by consent of counsel, of the original mandamus and injunction proceedings, on which Judge Summerall, judge of the superior courts of the Waycross judicial circuit, had granted the restraining order aforesaid on June 22, 1923, because of the disqualification of Judge Summerall to try the proceedings; it being stated by Mr. Memory, of counsel for defendants in error, upon the hearing before Judge Eve in the mandamus case, that defendants in error were consenting to Judge Eve taking jurisdiction in that case because of Judge Summerall's relationship to one of the defendants. To the orders and judgments of Judge Eve of July 16, 1923, the plaintiffs in error excepted, on the ground that the orders and judgments were contrary to law and contrary to fact; and that the judge should have sustained the demurrers to the petitions, and should have refused the orders prayed for by the defendants in error. Plaintiffs in error contend further, that the judge erred, as matter of law and as matter of fact, in granting the order of July 16, 1923, holding that plaintiffs in error had violated the restraining order of June 22, 1923,

and requiring them to restore the status of the election proceeding existing at the time notice of said restraining order was given them, because it was not shown that Judge Summerall was disqualified to entertain or pass on the applications for attachments for contempt against the plaintiffs in error, or otherwise that Judge Eve was legally authorized to assume jurisdiction of the proceedings; and further, because it appeared that the order of June 22, 1923, which plaintiffs in error were alleged to have violated, was null and void; and further, because it did not appear that the acts of plaintiffs in error complained of constituted a violation of the essential provisions of that order.

*Parker & Parker* and *Parks, Reed & Garrett,* for plaintiffs in error.

*Blalock & Blalock, S. F. Memory, W. A. Wood,* and *Little, Powell, Smith & Goldstein,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The demurrers in this case were based upon the ground that the petition shows on its face that the superior court of Brantley County had jurisdiction of the cause set out therein, and that the petition should be addressed to the superior court of Brantley County and to the judge of the superior courts of the Waycross judicial circuit, which circuit includes Brantley County, and that so far as appears from the petition the judge of the superior courts of the Tifton judicial circuit was without jurisdiction or authority to entertain the same. There was no error in overruling the demurrers to the petition. The judge of the Tifton judicial circuit had taken jurisdiction of the original mandamus and injunction proceedings. This had been done by consent of counsel, on the ground of the disqualification of Judge Summerall. Having taken jurisdiction of the proceedings in which mandamus and injunction were sought, on the ground of the disqualification of Judge Summerall, we are of the opinion that the judge could take jurisdiction of the petition in the contempt proceedings which grew out of a violation of the order granted by Judge Summerall in the mandamus proceedings. There is no question that Judge Eve, the judge of the Tifton judicial circuit, had jurisdiction of the case. Judge Summerall was disqualified by virtue of the fact that he was related to one of the parties. That under such circumstances the judge of another cir-

cuit could take jurisdiction of the matter, is plain. Civil Code, § 4852.

2. Though the judge granting the original order in the proceedings for mandamus and injunction may have been disqualified by virtue of his relationship to one of the parties, the injunctive order granted by him was not void; and the violation of the injunction by one of the parties who had notice of the same is punishable as for contempt. *Rogers* v. *Felker,* 77 *Ga.* 46; *Clay* v. *Coggins,* 148 *Ga.* 543 (97 S. E. 623).

3. There was sufficient evidence to authorize the judge to find that the injunctive order originally granted in the case had been violated by the plaintiffs in error, who were the defendants in the proceedings for mandamus and injunction and in the contempt proceedings; and the order granted by him in the case was not error for any of the reasons assigned.

*Judgment affirmed. All the Justices concur.*