TOMLIN *et al. v.* ROME STOVE & RANGE COMPANY *et al.*

BELL, Justice. 1. An attachment for contempt in violating an injunctive order, though having some of the characteristics of a criminal proceeding, is so connected with the injunction that a writ of error to review a judgment imposing a fine or a term of imprisonment for such contempt should be treated as an equity case within the constitutional provision relating to the jurisdiction of this court. *Hayden* v. *Phinizy,* 67 *Ga.* 758; *Warner* v. *Martin,* 124 *Ga.* 387 (52 S. E. 446, 4 Ann. Cas. 180); *Gray* v. *Gray,* 127 *Ga.* 345 (56 S. E. 438); *Carson* v. *Ennis,* 146 *Ga.* 726 (5) (92 S. E. 221, L. R. A. 1917E, 650); *Town of Adel* v. *Littlefield,* 149 *Ga.* 812 (102 S. E. 433); *Swanson* v. *Douglas,* 150 *Ga.* 650 (105 S. E. 161). While there are some decisions in this State and elsewhere tending to a different conclusion, the question seems to be controlled by the decision in *Hayden* v. *Phinizy,* supra. See *Auto Highball Co.* v. *Sibbett,* 11 *Ga. App.* 618 (75 S. E. 914); *Vilter* Manufacturing Co. *v.* Humphrey, 132 Wis. 587 (112 N. W. 1095, 13 L. R. A. (N. S.) 591); State ex rel. Rodd *v.* Verage, 177 Wis. 295 (187 N. W. 830, 23 A. L. R. 491); State *v.* Shumaker, 200 Ind. 716 (164 N. E. 408, 63 A. L. R. 218); 6 R. C. L. 530, § 43. The motion to transfer the case to the Court of Appeals is denied.

2. Where an injunction was granted against several defendants, and later an attachment proceeding was brought against some of them for an alleged violation of such injunction, the judge of the superior court was not disqualified to hear and determine the attachment proceeding because of relationship to one of the defendants against whom the injunction was issued, but who was not among the parties charged in the attachment proceeding, and who did not appear to have any interest therein. Especially is this true where before judgment in the later proceeding the petition in the main case was dismissed as to such defendant; and the result is not different merely because this defendant had previously filed a cross-petition seeking an injunction and other equitable relief against the plaintiff. Code, § 24-102; Ga. L. 1935, p. 396; *Johnson* v. *Marietta & North Georgia Railroad,* 70 *Ga.* 712; *Patterson* v. *Collier,* 75 *Ga.* 419 (54 Am. R. 472); *Roberson* v. *Orr,* 158 *Ga.* 34 (2) (122 S. E. 781); In re Hopkins' Will, 3 N. Y. Supp. 661; Knickerbocker *v.* Worthing, 138 Mich. 224 (101 N. W. 540); Bank of Marlinton *v.* Pocahontas Development Co., 88 W. Va. 414 (106 S. E. 881).

3. A manufacturing company filed a suit against a number of persons, to enjoin picketing and other acts of alleged interference with the plaintiff's business. On September 7, 1935, the court granted an interlocutory injunction restraining the defendants from committing stated acts, and reserving the right in the court "to modify or change this injunction at any time on the application of either party after notice to the other, or at its own instance, on notice to the parties." Thereafter, on September 15, without previous notice to any of the defendants, the court allowed an amendment to the petition, and modified the order of September 7, restricting it in some respects and enlarging it in others. On October 5, 1935, on application of the plaintiff, the court issued an order requiring several of the original defendants, together with other

persons who were not parties to the original case, to show cause why they should not be attached and punished for contempt because of alleged violation of the two injunctive orders. A general and special demurrer to the application was filed by the respondents who were original defendants, and a separate demurrer containing similar grounds was filed by the other persons against whom the rule was issued. Both demurrers were overruled on all grounds; and after introduction of evidence several of the respondents of each group were held in contempt, and judgment was entered accordingly. The respondents thus adversely affected assigned error upon these rulings, as well as on the refusal of the judge to declare himself disqualified. *Held:*

(a) As to the alleged contemnors who were not parties to the original case, the application was fatally defective and subject to general demurrer because it did not allege actual knowledge of the restraining orders on the part of any such respondents. *Lewis* v. *Singleton*, 61 *Ga.* 164; *Murphey* v. *Harker*, 115 *Ga.* 77 (5, 6) (41 S. E. 585) ; *Anderson* v. *Hall*, 128 *Ga.* 525 (58 S. E. 43) ; *Carson* v. *Ennis* 146 *Ga.* 726 (6), 729 (92 S. E. 221, L. R. A. 1917E, 650) ; 13 C. J. 17, § 22; 6 R. C. L. 504, § 16.

(b) It follows from the ruling just made that it was improper in this proceeding to join with the original defendants others who were not parties to the original case. *Morris Fertilizer Co.* v. *Boykin*, 149 *Ga.* 673 (2) (101 S. E. 799).

4. The court having erred in overruling the grounds of demurrer indicated, the further proceedings were nugatory. It is unnecessary to rule upon other questions.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent because of illness.*

No. 11292. OCTOBER 14, 1936.

*Lanham & Parker,* for plaintiffs in error.

*James F. Kelly, solicitor-general, Barry Wright,* and *Jack Rogers,* contra.