## WARNER *et al. v.* MARTIN.

1. On the hearing before a judge in a proceeding for contempt for the violation of a restraining order granted on application for injunction, affidavits are admissible in evidence to prove the fact of violation.
2. The judgment rendered on such a hearing will not be disturbed by the Supreme Court, unless the judge has grossly abused the sound discretion vested in him in such cases.
3. Where in such a case irrelevant evidence was admitted over the objection of the person on trial, such error is not cause for reversing a judg-

ment against him, when it appears that his case was not thereby injuriously affected, and where the evidence as to the admissibility of which there could be no doubt warranted the judgment.

4. A judge of the superior court has no power to impose a fine of more than two hundred dollars for contempt in violating a temporary restraining order, where the violation was treated by the judge as a single act.

5. The costs in a proceeding for contempt constitute no part of the fine imposed, and may be awarded against the contemner in addition to a fine of two hundred dollars.

Argued October 19,—Decided November 20, 1905.

Rule for contempt. Before Judge Kimsey. Hall superior court. June 26, 1905.

Harrison T. Martin presented an equitable petition to the judge of the superior court, in which he alleged, that he was the owner of a certain lot of land lying along the bank of the Chattahoochee river, which derived its chief value from the fertility of its bottoms on the river and the shoals and water-power which he owned in connection with the land; that A. J. Warner, W. A. Carlisle, and John Sargent were preparing timber and other material and making ready to construct a dam across the river at a place called Wilson Shoals, below petitioner's land; that if the dam should be constructed, it would cause the back water in the river to flood his land and destroy his water-power. The prayers of the petition were, "that a permanent injunction be granted, . . enjoining [Warner, Carlisle, and Sargent] from constructing said dam; and that, after hearing, a temporary injunction be granted, enjoining said defendants, their employees . . and confederates from proceeding to erect said dam; and that in the meantime a restraining order be granted enjoining the defendants, their agents . . and confederates from erecting said obstruction in said river," etc. On June 2, 1905, the judge ordered the defendants to show cause on July 17, 1905, why a temporary injunction should not be granted, ordered that defendants be served ten days before the hearing, and further ordered that, "In the meantime and until the further order of the court, the defendants are restrained from erecting the obstructions in or across the Chattahoochee river, as complained of in this petition." The order further provided that the defendants might bring on an earlier hearing upon five days notice to the petitioner. On June 16, 1905, Martin presented to the judge a

petition, setting forth the fact of his filing the original petition, its substance, and the temporary restraining order granted thereon, and alleging that since the granting of such order and its service the defendants had violated its terms, by themselves or their employees actually engaging in erecting such dam and obstructions, by "putting large logs in said stream, laying the foundation for said dam, bolting them to the rock-bed of said streams with iron bolts, and hauling sand and gravel to a coffer-dam across a part of said river, preparatory and a part of the work of building the main dam; that since the date of said order and service of the same, they have been building said coffer-dam." Petitioner prayed that an order be granted forbidding defendants from proceeding with said work, and calling upon them to show cause why they should not be punished for contempt in violating the restraining order. A rule nisi was issued against the defendants. They answered the same, denying that they had violated the restraining order. They denied that they had done anything to obstruct the flow of the river, or put any obstructions in or across the river. They claimed, that, instead of putting obstructions in the river, they had merely been excavating a large hole on the right bank of the river and inside of their coffer-dam, which coffer-dam had been completed before the filing of the original petition in the case; that the water of the river had been entirely diverted to its left bank by the coffer-dam before the filing of the original petition, and was running unobstructed between the coffer-dam and such left bank; and that all defendants had done, since they were served with the restraining order or had notice of it, was to excavate a hole in the bottom of the river, by removing the sand and debris so as to get down to hard rock and to fill up the hole with logs and rock, but that they had not placed the logs or rock above the bed or bottom of the river. They alleged that none of such work had been in the stream of the river, but had been done to one side, where the water had been diverted by means of the coffer-dam, and that all the work they had done was below the crest of the shoal upon which the coffer-dam had been erected, and could not in any way obstruct the flow of the river, even if the coffer-dam were removed. The answer also alleged that defendants had no intention of making any construction higher than the bottom of the river, but only intended to fill the hole or excavation below the bed of the stream.

On the hearing the petitioner submitted in evidence his original petition and the orders thereon, and affidavits, by himself and others, which tended to sustain the allegations of his petition for the rule.    Defendants put in evidence their verified answers, their affidavits, the affidavits of others, and the oral testimony of several witnesses, all of which tended to support defendants' answers.    Defendants also introduced certain documentary evidence relating to the title of the land upon which the dam was to be constructed. The judge decided that the defendants had violated the restraining order, and adjudged that in so doing they were in contempt of court, and imposed a fine of $250 on Warner, a fine of a like amount on Carlisle, and a fine of $50 on Sargent, and rendered judgment against the defendants for the costs of the rule proceeding; to all of which they excepted.

*H. H. Dean,* for plaintiffs in error.

*H. H. Perry, S. C. Dunlap, G. H. Prior, Howard Thompson,* and *Fletcher M. Johnson,* contra.

·FISH, C. J.    (After stating the foregoing facts.)    1. One of the assignments of error is, that the court erred in admitting in evidence affidavits offered by petitioner against defendants, over the objection that the proceeding was quasi-criminal, and only oral testimony was admissible.    In Welch *v.* Barber, 52 Conn. 147, it was said:  "A civil contempt is one in which the conduct constituting the contempt is directed against some civil right of the opposing party, as where an injunction is disregarded or some act required by the court for the benefit of the other party should be neglected.  In ·cases of contempt of this sort the proceeding for its punishment is at the instance of the party interested and is civil in its character." In such cases the general rule seems to be, that the question of contempt or no contempt may be decided upon affidavits, where the chancery rule is in force that the answer of the contemner is not conclusive.    Rapalje on Contempts, §§ 120, 126.  "In proceedings for contempt for the violation of an injunction, the usual method of proving the fact of violation is by affidavit."    2 High on Inj. § 1452.    See also 1 Beach on Inj. § 262; State *v.* Harper's Ferry Bridge Co., 16 W. Va. 464; Una *v.* Dodd, 38 N. J. Eq. 460; Witter *v.* Lyon, 34 Wis. 564; People *v.* Brower, 4 Paige (N. Y.), 405; State *v.* Mitchell, 3 S. D. 223; Rutherford *v.* Metcalf, 5 Hayw.

(Tenn.) 58. So far as we know to the contrary it has been the practice in the courts of this State to admit affidavits in evidence on the hearing of proceedings for contempt for the violation of an injunction. Among the cases where such practice was followed may be cited, *Howard* v. *Durand,* 36 *Ga.* 346, *Thweatt* v. *Gammell,* 56 *Ga.* 98, and *Hayden* v. *Phinizy,* 67 *Ga.* 758. The same practice has been followed in proceedings for contempt in not paying over money, etc., to a receiver. *Ryan* v. *Kingsbery,* 88 *Ga.* 361. So far as we are advised, the question as to the admissibility of affidavits on the hearing in such proceedings has never been heretofore made in our courts. We are of opinion, however, from what we have said above, that affidavits are admissible in such a case, and that the court did not err in so ruling. We do not hold, however, that the judge could not in his discretion require witnesses to testify orally.

2. The evidence was to the effect that the defendants, after the restraining order was served upon them, continued the work of constructing the dam. One of the defendants testified: "We continued to make the excavation after the papers were served. After the excavation was made we began to put in timber and rock for the dam and bolted them down to the bed. That was a part of the work of constructing the dam." There was evidence for the petitioner that logs were placed in the main dam, within the coffer-dam, and bolted or chained down, and that such logs were above the water. The contention of the defendants was, that as the language of the order restrained them "from erecting the obstructions in or across the Chattahoochee river, as complained of in this petition," laying a foundation of the dam, in an excavation which was within the coffer-dam, and at a place where the river was not then running, but from which defendants had diverted it before the original petition was filed, was not an obstruction in or across the river, especially if, as they contended, such foundation was not built above the bed of the river. A restraining order has all the force of an injunction until vacated or modified; and a defendant is bound to obey it at his peril. He can not set up his opinion as to its meaning as against the court's opinion. If he is in doubt as to what he may do without violating the restraining order, he should ask for a modification or a construction of its terms. 10 Enc. Pl. & Pr. 1108; 16 Am. & Eng. Enc. L. 436. The order in the present case was not in general terms, but defendants were restrained from doing a spe-

cific thing—from erecting a dam in the river—that is clearly the meaning of the order; the obstruction complained of was the dam, and that is what the court restrained the defendants from erecting. The defendants assumed the responsibility of construing the order, and construed it to mean that they could continue the construction of the dam until it should reach such a height that further construction would obstruct the flow of the water. They were not. restrained, however, from obstructing the flow of the water, but from erecting the dam. One is erecting a dam when he is constructing it, whether he is constructing that portion of it which is below the bed of the stream or that portion which is above such bed. When he is engaged in placing logs, rock, and other material in an excavation below the bed of a river, for the purpose of forming the foundation for a dam across such river, he is erecting the dam. It is too well settled to need citation of authority that the decision of a judge on the question of contempt will not be disturbed by the Supreme Court, except in a case where such discretion has been grossly abused. In the present case there was no abuse of discretion.

3. The court, over the objection of the defendants, allowed the petitioner to put in evidence a certified copy of a mortgage from the North Georgia Electric Company to the Knickerbocker Trust Company, dated November 1, 1904, recorded in the clerk's office of Hall superior court, reciting that it was to secure bonds for the erection of the dam in question, and creating a lien on the "Wilson Shoals water power" and other property. The objections urged were, that the evidence was immaterial and secondary. The objection of irrelevancy, at least, was well taken; but we are unable to understand how the defendants were hurt by the admission of this evidence. As we have seen, there was ample evidence, about the admissibility of which there was no question, to warrant the judgment of the court. See *Shirley* v. *Hicks,* 105 *Ga.* 504 (3).

4. The judge exceeded his authority in imposing a fine of $250 each on two of the defendants. The constitution declares that, "The power of the courts to punish for contempts shall be limited by legislative acts." Civil Code, § 5717. The legislature has enacted that "The superior courts have authority . . to punish contempt by fines not exceeding two hundred dollars, and by imprisonment not exceeding twenty days." Civil Code, § 4320 (5). In *Cobb* v. *Black,* 34 *Ga.* 162, it was held that a similar section of the Code of

1863—§242(5)—was "applicable only to the punishment for contempt by acts done." In the case now under review, the contempt for which the fines were imposed had been committed by doing an act or acts which the judge decided to be in violation of his restraining order, and therefore came directly within the scope of the legislative provision limiting the power of the superior courts in imposing fines for contempt. The judge treated the violation of the restraining order as a single act of contempt.

5. The judge, however, did not exceed his power in awarding the costs of the contempt proceedings against the defendants. The costs were no part of the fines. Rapalje, in his work on Contempts, §132, states the rule to be, that, "Where the proceeding arises out of the disobedience of an order or decree in a civil suit, and is prosecuted between the parties to such suit, costs are generally awarded to the prevailing party, the same as in other civil proceedings."

We affirm the judgment of the trial judge, with direction that he order the sum of fifty dollars to be written off the fine of A. J. Warner and a like sum to be written off the fine of W. A. Carlisle, and that the costs of bringing the case to this court be taxed against the defendant in error.

*Judgment affirmed, with direction. All the Justices concur, except Candler, J., not presiding.*