*G. H. Williams, M. H. Blackshear,* and *A. S. Bradley,* for defendant.

---

## BOARD OF EDUCATION OF LOGANVILLE, for use, etc., *et al.* *v.* CITY OF LOGANVILLE *et al.*

The judgment of a trial court in a contempt proceeding based upon an alleged failure to comply with a mandamus absolute, expressly reciting that the defendants "have acted in good faith and have done all they could do under the law" to obey the court's mandate, will not be disturbed by the Supreme Court unless the judge has grossly abused the sound discretion vested in him. In this case it does not appear that such discretion was abused.

No. 6603. JULY 12, 1928.

Rule for contempt. Before Judge Fortson. Walton superior court. March 31, 1928.

In July, 1926, the board of education of the City of Loganville brought suit for the use of J. R. Garrett and others, school superintendent and teachers, against the City of Loganville and its mayor and council, for mandamus to compel the defendants to levy a special property tax to raise funds with which to pay certain sums due said teachers on their regular salaries, contracted for by said city. It was alleged that the city did not already have the necessary funds in hand, but that the law and the charter of the city authorized such special levy. The defendants answered, setting up that they were willing to pay said balances in any way the court might direct, and that said sums would already have been paid had there not been filed injunction proceedings preventing the same. The defendants also demurred on the grounds of misjoinder of

parties plaintiff, and that the petition did not show that a written claim for said sums had been made on the city. Following a hearing the court passed an order granting a mandamus absolute, directing said city to "levy and collect a tax on the taxable property of said city to raise or produce a sufficient sum to pay off the indebtedness," turning same over to the board of education; and further that "the board of education may pay to plaintiffs' counsel the respective amount due the teachers" out of any surplus funds said board or city might have collected for ordinary purposes, "it having been shown that the city has about $1500 surplus raised by taxes for ordinary purposes," provided the plaintiffs in said injunction suit pending, above referred to, "shall prefer this payment to said additional levy," and dismiss their suit.

In February, 1927, Garrett et al. filed contempt proceedings against the mayor and council, praying for a rule requiring the defendants to show cause why they did not "carry out the said mandamus absolute, or why on account of their failure to do so they should not be attached for contempt of court." This petition recited that a new mayor and council had been elected since the grant of said mandamus, "and said judgment being a fixed judgment not appealed from, your petitioners intend to give the new mayor and council notice that they will hold them also accountable to said judgment, and will also cite them for contempt if they fail to execute said mandamus absolute." The defendants answered, setting up that since a new mayor and council had succeeded them, excepting that two members of council were still the same, they did not understand how the taxpayers of the City of Loganville were bound; that the new mayor and council would not be bound to levy a tax to pay such an obligation, nor would the new mayor and council be bound to levy and collect a tax greater than was authorized under the charter of said city; that under the law and the city's charter the mayor and council had authority to levy a tax not exceeding $1 on each $100 of taxable property for town government purposes, and in addition a tax not exceeding one half of one per cent. on taxable property for support and maintenance of schools; and that the city had already levied and collected all the law allowed for school purposes, and was not authorized to levy a special school tax in addition. On the hearing the judge passed an order reciting: "It appears that the defendants have acted in

good faith and have done all they could do under the law. After the court had announced his ruling in this matter and directed counsel for defendants to prepare an order, counsel for plaintiffs stated that he had received the check for $609.20 from counsel for defendants, as set up in their amended answer," which would not be accepted because not legal tender; whereupon counsel for defendants had offered to tender currency instead; and that the defendants were held not to be in contempt of court and were discharged. To this judgment the plaintiffs excepted.

*J. H. Felker,* for plaintiffs.

*I. L. Oakes* and *Orrin Roberts,* for defendants.

GILBERT, J. A mandamus absolute was directed against the City of Loganville. The obligation imposed by such judgment devolved upon the persons then holding the offices of mayor and councilmen and their successors in office. *Lilllefield* v. *Adel,* 151 *Ga.* 684, at p. 686 (108 S. E. 56). The debts sought to be collected were in no way disputed. The municipality expressed willingness to pay, but asserted legal inability on account of the tax limitation. Under the charter of the municipality, the tax levy for school purposes was limited to 5 mills. The tax already levied was at the rate of 3-1/3 mills. In response to the mandamus the city increased the rate to 5 mills, and before the hearing on the contempt proceedings forwarded a check for $609.20 to counsel for plaintiffs. Contempt proceedings were instituted because the municipality had not levied a tax at a rate sufficient to pay the entire indebtedness, plaintiffs insisting that the general funds of the city might be incroached upon to make up the balance due over and above the amount raised within the legal limits of the school tax. The judgment will not be reversed for not holding the defendants in contempt for refusing to levy a tax for school purposes at a rate exceeding the limit imposed by the municipal charter, or for refusing to levy a general tax to pay in part the debt admittedly due. This is especially true where, as in the present case, the school board and the school superintendent have exceeded in school expenditures the sums obtained by the levies of taxes for school purposes, and where the court found, on facts so authorizing, that the defendants were not guilty of bad faith, or of intentional disobedience to the court's mandate, and that they had increased the school tax levy to the legal limit, and had forwarded a check to counsel and subsequently had offered to

substitute cash for the check, said check still being retained by counsel for plaintiffs. "The judgment rendered on such a hearing will not be disturbed by the Supreme Court, unless the judge has grossly abused the sound discretion vested in him in such cases." *Warner* v. *Martin,* 124 *Ga.* 387 (2) (52 S. E. 446, 4 Ann. Cas. 180).

The mandamus absolute directed the City of Loganville to levy and collect a tax sufficient to pay said indebtedness. This judgment also provided that "said board of education may pay to plaintiffs' counsel the respective amount due the teachers as alleged, out of any surplus funds said board or city may have on hand, collected for ordinary purposes." But there was a proviso attached to the latter alternative, to the effect that the payment out of any funds on hand collected for ordinary purposes should be in the event plaintiffs in an injunction suit preferred this payment in lieu of an additional levy, and dismissed their suit. It does not appear that this suit was dismissed. It will be seen that the mandamus absolute did not require any payment to be made out of funds collected for ordinary purposes. It merely provided that the board "may" make such payment, and then only on the condition stated. In the answer of the defendants it is asserted that the board of education, about the year 1924, spent more money than the amount of school funds appropriated, and borrowed a sum of money for the purpose of paying teachers, and that "some $600 or more of the money turned over to the board by defendants in the year 1925 and 1926 was used by the board to take up a note that they had personally given; and that if the schools of said city are not run within its appropriation and for the amount of money that can be legally raised for the support of the schools, it will lead to disruption of the school and the injury of the town; and that the only legal way is for the board of education to run the school within its means, or else close it a sufficient time until its obligations can be paid."

Under the pleadings and the evidence, the finding of the judge was authorized; and there being therefore no abuse of discretion, the judgment will not be controlled.

*Judgment affirmed. All the Justices concur.*