CORLEY *et al. v.* CROMPTON-HIGHLAND MILLS INC.

No. 15576.   OCTOBER 8, 1946.

*R. L. Addleton,* for plaintiffs in error.
*Beck, Goodrich & Beck,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ No exceptions were taken to the original petition or to the interlocutory injunction. The petition was filed and the restraining order granted on April 26. By interlocutory injunction dated May 11, the restraining order was continued in force. The bill of exceptions was presented to the trial judge June 6. Accordingly, the bill of exceptions was not presented in time to raise the question as to the validity of the petition or as to the interlocutory injunction. Code, § 6-903; *Sweat & Mattox* v. *Georgia Naval Stores Co.,* 129 *Ga.* 571 (59 S. E. 273); *Wilson* v. *Trustees of Union &c. Seminary,* 181 *Ga.* 755 (2) (184 S. E. 290).

■ The plaintiffs in error in their brief contend that the restraining order, under which they were held in contempt, was void and unenforceable in certain respects. In *Dunn* v. *Harris,* 144 *Ga.* 157, 160 (86 S. E. 556), it was said: "The power of the superior court to prevent disobedience of its injunctions is an important one. A temporary restraining order granted, to remain of force until the hearing of the application for an interlocutory injunction, has all the force of an injunction until rescinded or modified by the court. [Code, § 55-201.] If the court has jurisdiction of the person and subject-matter, and grants an injunction, the person enjoined can not justify a violation of it on the ground that it was erroneously or improvidently granted. A motion to have the injunction revoked or modified, or a writ of error (in a case where such writ may be had), is the remedy, if a party enjoined thinks that the injunctive order was erroneously granted." Again in *Russell* v. *Mohr-Weil Lumber Co.,* 102 *Ga.* 563 (1) (29 S. E. 271), it was said: "Upon the hearing of an attachment proceeding instituted for the purpose of punishing one who is alleged to have violated a restraining order granted by a court having competent jurisdiction of the person and subject-matter, but in the grant of which, it proceeded erroneously, the validity of the court's action in originally granting such restraining order can not be collaterally called in question. Such an order is binding upon the party restrained, until reversed, set aside, or modified by the court granting it, and a disobedience of the direction expressed in such order affords ground for an attachment as for a contempt."

■ Of the thirteen parties who are the plaintiffs in error, it is asserted by their attorney in his brief that the judgment against

five of them is erroneous for the reason that they were not made parties defendant in the original petition for injunction, and therefore were not bound by the terms of the restraining order. It is insisted that serving the Textile Workers Union of America with the original petition for injunction, and restraining order did not make these five persons parties thereto, even though they were members of this union, because there was nothing to show that it was anything other than an unincorporated voluntary association, and therefore not a legal entity subject to suit.

There is nothing in the name to import a corporation of a partnership, or any allegation declaring the status of this party defendant. *Smith* v. *Commissioners of Roads and Revenue of Glynn County,* 198 *Ga.* 322 (1) (31 S. E. 2d, 648). Under the ruling in *Walker* v. *Grand International Brotherhood of Locomotive Engineers,* 186 *Ga.* 811 (1) (199 S. E. 146) merely naming this union as a defendant and serving one of its representatives, did not thereby make these five parties defendants to the original petition and restraining order, even if they were members of this union. But if they had actual knowledge of the restraining order, they were subject to attachment for contempt for a violation of its terms. *Carson* v. *Ennis,* 146 *Ga.* 726 (92 S. E. 221, L. R. A. 1917E, 650); *Tomlin* v. *Rome Stove & Range Co.,* 183 *Ga.* 183 (187 S. E. 879); *Patten* v. *Miller,* 190 *Ga.* 152 (7) (8 S. E. 2d, 786). Each of these five plaintiffs in error was served with a rule nisi for contempt. There is nothing in the record to show that Wilbur Smith, or Rosella Short had any knowledge of the terms of the restraining order, and therefore they were not in contempt of court. As to Nellie Kent, Elizabeth Williams, and Louise Freeman, each admitted, when on the witness stand, actual knowledge of the restraining order, and as to them, there was sufficient evidence to authorize the trial judge to find that they had violated its terms, and to hold them in contempt.

■ As to the other eight plaintiffs in error—Hozy Corley, M. L. Crawley, Hiram Giddens, Forest Cobb, W. J. Riley, W. A. Singleton, Joseph Bunn, and Luther C. Califf—each was a party defendant to the original petition for injunction, was served in person both with the petition, restraining order, and the subsequent rule nisi for contempt. There was evidence as to all of these eight plaintiffs in error, with the exception of Joseph Bunn, sufficient to

authorize the trial judge to fir d that they had violated the terms of the restraining order and to hold them in contempt. As to Bunn, the record discloses no evidence sufficient to show that he violated the terms of the restraining order.

"Whether a contempt of court has been committed in the violation of an injunctive order, and how it shall be treated, are questions for the discretion and judgment of the court that issued the order, and its decision will not be interfered with by this court unless there is an abuse of discretion. If there be any evidence from which the judge could have concluded that his order had been violated, this court, under the above rule, has no power to disturb his judgment." *Patten* v. *Miller*, 190 *Ga.* 152 (5) (supra).

In accordance with the foregoing rulings, the judgment is affirmed as to Nellie Kent, Elizabeth Williams, Louise Freeman, Hozy Corley, M. L. Crawley, Hiram Giddens, Forest Cobb, W. J. Riley, W. A. Singleton, and Luther C. Califf; and reversed as to Wilbur Smith, Rosella Short, and Joseph Bunn.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*