## WAGNER *v.* COMMERCIAL PRINTERS INC.

2

No. 15986.　November 10, 1947.

*Poole, Pearce & Hall, Joseph S. Ray,* and *Thomas W. Starlin,* for plaintiff in error.

*Swift, Pease, Davidson & Chapman,* and *Tom B. Slade,* contra.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) ■ The question having been raised upon the argument before this court whether or not it has jurisdiction in a case of this kind, and it being the duty of the court to always inquire for itself whether or not it has jurisdiction, such an investigation has been made and it is now ruled that this court has jurisdiction. In *Tomlin* v. *Rome Stove & Range Co.,* 183 *Ga.* 183 (1) (187 S. E. 879), it was held: "An attachment for contempt in violating an injunctive order, though having some of the characteristics of a criminal proceeding, is so connected with the injunction that a writ of error to review a judgment imposing a fine or a term of imprisonment for such contempt should be treated as an equity case within the constitutional provision relating to the jurisdiction of this court. [Citing.] While there are some decisions in this State and elsewhere tending to a different conclusion, the question seems to be controlled by the decision in *Hayden* v. *Phinizy,* supra [67 *Ga.* 758]."

■ It is contended by the plaintiff in error that the present proceeding is for criminal contempt, wherein the guilt of the alleged offender must be established by the evidence beyond a reasonable doubt, and the evidence was not conclusive as to whether the assault was made because of offensive language by Wilson or

to intimidate and deter him in his employment with Commercial Printers Inc. It is further contended that the alleged violation of the injunctive order must have been within the terms of the order which can not be extended by implication, and that the evidence does not show such violation, neither the defendant nor the victim of the assault being near the place of business of the employer at the time of the assault and it having no relation thereto.

Contempt may be civil or criminal. In the former, the proceeding in attachment is to enforce compliance with an order of court made for the protection of some right of the complaining party. In criminal contempt, the proceeding is to punish the offender for disrespect to or contumacious conduct towards the court. See *Cobb* v. *Black*, 34 *Ga.* 162; *Warner* v. *Martin*, 124 *Ga.* 387, 390 (42 S. E. 446, 4 Ann. Cas. 180) ; *Carson* v. *Ennis*, 146 *Ga.* 726, 728 (1) (92 S. E. 221, L. R. A. 1917E, 650) ; *Davis* v. *Davis*, 138 *Ga.* 8 (74 S. E. 830) ; *Beavers* v. *Beavers*, 148 *Ga.* 506 (2) (87 S. E. 65) ; *Swanson* v. *Douglas*, 150 *Ga.* 650 (105 S. E. 161) ; *Jones* v. *State*, 166 *Ga.* 553 (144 S. E. 106). The injunctive order here entered was in pursuance of an agreement between the parties, under which the defendants were to be enjoined from committing certain acts towards the property of Commercial Printers Inc., its employees and those seeking to become employees, and from "threatening or exhibiting any threat of violence against petitioner, the employees of petitioner or persons seeking employment with petitioner, either on the property of petitioner *or in any place whatsoever.*" (Italics ours.) No argument is necessary to demonstrate that the injunctive order in question was entered to protect the right of Commercial Printers Inc. to be free from acts of violence of the defendants towards its property and from intimidation or threats of violence towards its employees, actual or prospective, calculated to cause them to desist from their efforts or intentions to work for the company. Clearly the attachment here was, under the above-cited authorities, for alleged civil contempt, rather than for disrespectful or contumacious conduct towards the court. It follows that, this being a civil case, the rule as to preponderance of the evidence being sufficient to authorize a verdict is applicable.

An examination of the evidence shows that the judge was authorized to find that the defendant Wagner had violated the

injunctive order.  He stated that he struck Wilson because of alleged abusive language, but the police officer testified that at the time he talked to the defendant shortly after the assault Wagner did not mention anything about such language being used by Wilson and Wilson denied its use.  The judge was authorized to find that the real cause of the assault was resentment toward Wilson in quitting the union and entering the employ of Commercial Printers Inc., though he had not then reported for work, and to deter him from pursuing such employment; that Wagner first sought to dissuade Wilson from working by the gentler method of a social drink, but failing in this, he later rejoined Wilson on the front porch of the latter, and with an obscene epithet reproached and beat him "for doing the union that way." The police officer testified that Wagner stated to him that Wilson had practically caused the union to lose the strike by quitting and going back to work, and that he thought he had a perfect right to "get on him" and there would continue to be trouble with Wilson so long as he worked with Commercial . Printers Inc. Wagner himself testified that he had heard rumors that Wilson was going back to work and concluded that he meant to go back to work.  The contention that the finding was not authorized, since the assault was not at the place of business of the employer and had no relation to it, can not be sustained under the evidence and the order of court prohibiting acts of violence "either on the property of petitioner or in any place whatsoever."  Nor was the assault without the terms of the order and punishable only by an extension of such terms by implication.  It bore an actual relation to the business of the employer, since such conduct was calculated to cause the victim to remain away from his employment lest the attack be renewed against him.  The judgment rendered on a hearing of a contempt case will not be disturbed by this court unless the judge has grossly abused the sound discretion vested in him in such a case.  *Warner* v. *Martin,* supra; *Board of Education* v. *Loganville,* 166 *Ga.* 640 (144 S. E. 25) ; *Patten* v. *Miller,* 190 *Ga.* 152, 159 (8 S. E. 2d, 786).  No abuse of discretion is shown by the record here.

*Judgment affirmed.   All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*