LASSITER *et al.* v. SWIFT & COMPANY.

No. 16352.   November 18, 1948.

*Poole, Pearce & Hall,* and *C. E. Gregory Jr.,* for plaintiffs in error.

*Gibson & DeLoache, Sam Gardner Jr.,* and *Hoyt H. Whelchel,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) In the expansive field of the respective constitutional rights of employers and employees many conflicting claims have been frequently asserted upon which court decisions have been rendered. We find in the excellent brief of counsel for the plaintiffs in error the following citations with quotations therefrom: Thornhill *v.* Alabama, 310 U. S. 88 (60 Sup. Ct. 736, 84 L. ed. 1093): "In the circumstances of our times the dissemination of information concerning the facts of a labor dispute must be regarded as within that area of free discussion that is guaranteed by the Constitution." Thomas *v.* Collins, 323 U. S. 516 (65 Sup. Ct. 315, 89 L. ed. 430), which held that any attempt to restrict assembly must be justified by clear public interest, "threatened by clear and present danger." Marsh *v.* State of Alabama, 326 U. S. 501 (66 Sup. Ct. 276, 90 L. ed. 265): "when we balance the constitutional rights of owners of property against those of the people to enjoy freedom of press and religion, as we must here, we remain mindful of the fact that the latter occupy a preferred position." But the assignments of error in this bill of exceptions do not present for decision any question of law pertaining to the relationship of employer and employee as such. We are not called upon or authorized by this record to review the interlocutory injunction as to its legality. That judgment was entered pursuant to the consent of all parties, and not having been excepted to, has become final and is as a matter of law legal and binding.

The sole question which we are called upon to decide is whether or not the plaintiffs in error are shown by the evidence to have violated the terms of that order. It is not contended by the plaintiffs in error, nor indeed could it be successfully claimed, that anyone with knowledge of that order can violate its terms with impunity. The trial court is vested with authority to enforce the provisions of that order and may summon the full power of the State government for that purpose. We have set forth material portions of the evidence in the statement of facts preceding this opinion, and shall not repeat the same here. The

evidence was sufficient to authorize the trial judge to find that each of the plaintiffs in error, with the exception of O. A. Duncan, had violated the terms of the injunction. As to Duncan the evidence authorized no more than a conjecture or inference. The petition was not evidence, and the allegations, where there was no attempt upon the hearing to sustain them by proof, can not be considered as evidence. The evidence shows generally that all of the strikers belonged to the Local Union and served as pickets under orders from the Union. It shows that some of the pickets used profane language to the employees and called them vile names, including the word "scab," and that this intimidated and was intended to intimidate the employees and prevent them from working. Counsel for the plaintiffs in error meet this evidence with the argument that the nomenclature of the strike is not the language of the parlor, and that strikers may talk in their own language, citing Walter A. Wood Mowing & Reaping Machine Co. v. Toohey, 114 Misc. 185 (186 N. Y. Supp. 95) ; and it is contended that equity in such cases will be concerned only with acts and not with words, whether written or spoken, citing F. C. Church Shoe Co. v. Turner, 218 Mo. App. 516 (279 S. W. 232), and Nann v. Raimist, 255 N. Y. 307 (174 N. E. 690, 73 A. L. R. 669). If it is sought by this argument to establish the constitutional right of laborers to free speech where no court order is violated, it might have merit, but where, as here, an order of court is violated, the violator can find no protection under the constitutional guaranty of free speech. The freedom of speech guaranty, as well as protection of life, liberty and property, of these respondents is dependent upon the majesty of the law, the integrity of the courts, and the inviolability of judgments of the courts. The order here expressly forbids using threats, violence, or intimidation for the purpose of preventing others from engaging in the employment of the petitioner. Intimidation may be just as effectually accomplished by words as by acts. It must be held that the circumstances, acts, and words shown by the record authorized the trial judge to find that each of the plaintiffs in error except O. A. Duncan had violated the injunction.

But a further question raised respecting those plaintiffs in error who were not parties to the main suit, and were not named in the court order, is whether or not they had knowledge of such

order. It is settled law that, to sustain a judgment holding them in contempt, the evidence must show that they acted after having actual knowledge of the court's order. *Carson* v. *Ennis,* 146 *Ga.* 726 (92' S. E. 221, L. R. A. 1917E, 650); *Tomlin* v. *Rome Stove & Range Co.,* 183 *Ga.* 183 (187 S. E. 879); *Walker* v. *Grand International Engineers,* 186 *Ga.* 811 (199 S. E. 146); *Corley* v. *Crompton Highland Mills,* 201 *Ga.* 333 (39 S. E. 2d, 861). While there is no direct proof that these plaintiffs in error had such knowledge, there is, however, circumstantial evidence, together with their own pleadings, sufficient to authorize the trial judge to find that they acted with such knowledge. It is shown that they were striking employees, members of the Union, serving on the picket line. The plaintiff in error Lassiter, an officer of the Union, testified in part as follows: "We got instructions from headquarters when the strike began to honor the law. . . When the restraining order came out we got orders to honor it." The court was authorized to find from this testimony that all the members of the Union were notified as to the existence and content of the injunction order, and if so, these plaintiffs in error were thus shown to have had knowledge thereof. In addition to this evidence, these plaintiffs in error denied each paragraph of the application for contempt, including one wherein they were alleged to have had knowledge of the court's order; but then proceeded to plead affirmatively that they had not violated the court's order, and that they had implicitly obeyed that order. None of them denied having such knowledge upon the trial. In these circumstances, the court was authorized to find that all of them acted with full knowledge of the provisions of the injunction order.

There is no merit in any of the complaints against the pleadings or evidence regarding the dynamiting of the home of the employee Carter.

*Judgment reversed as to O. A. Duncan, because the court erred in finding that he had violated the court's order. Judgment affirmed as to the other plaintiffs in error. All the Justices concur.*