CARROLL *et al. v.* CELANESE CORPORATION OF AMERICA.

BELL, Justice. 1. There was no error in overruling the demurrer to the petition for citation or rule nisi for contempt. *Pedigo* v. *Celanese Corporation of America* (No. 16,581), 205 *Ga.* 392 (1).

2. Where a deputy sheriff, in undertaking to serve a petition, process, and restraining order upon a defendant named therein, went to the defendant, and while about three feet from him told the defendant that he had a paper for him, and the defendant said, "You ain't got no paper for me, I haven't done anything," and the officer then handed him the paper and told him, "Well, here it is anyhow," and the defendant refused to take it, whereupon the officer stuck it at him, and the defendant still refusing it, the officer "dropped it at his feet"—*held*, that such facts, if duly proved, would show valid personal service upon such defendant. In re Ball 2 Cal. App. 2d, 578 (38 Pac. 2d, 411); 50 C. J. 485, § 84; 16 L. R. A. 200, 201.

(*a*) From statements of counsel made in open court with respect to service, considered in connection with a stipulation as to what a deputy sheriff if present in court (he being absent on account of sickness) would testify as to service on the plaintiff in error Dodd, and with the testimony of Dodd himself on the issue, the judge was authorized to find that this plaintiff in error, as a party to the original injunction suit, was duly served in person with the suit and the injunctive order.

(*b*) The testimony of the plaintiff in error Carroll as given on the contempt hearing showed within itself that he was duly served in person at his home the night before the alleged violation.

3. A party defendant to an injunction suit who has been duly served may be chargeable with notice of the issuing of the injunction so that his

violation thereof will render him guilty of contempt, even though he may not have read the papers served on him, so as to have actual knowledge of the terms of such injunction. *Murphey* v. *Harker*, 115 *Ga.* 77 (4, 5) (41 S. E. 585); *Patten* v. *Miller*, 190 *Ga.* 152 (8 S. E. 2d, 786); *Corley* v. *Crompton-Highland Mills*, 201 *Ga.* 333 (39 S. E. 2d, 861); 12 Am. Jur. 409, § 27; 17 C. J. S. 23, § 18.

(a) Under the preceding rulings, it is unnecessary to determine whether the respondents were entitled to question the sufficiency or validity of the service, in the absence of any traverse of the entry of service at or before such contempt hearing.

4. Whether a contempt of court has been committed in the violation of an injunctive order, and how it shall be treated, are questions for the discretion and judgment of the court that issued the order, and its discretion will not be interfered with by this court unless there is an abuse of discretion. If there be any substantial evidence from which the judge could have concluded that his order had been violated, his finding to that effect cannot be disturbed by this court, in so far as sufficiency of the evidence is concerned. *Patten* v. *Miller*, 190 *Ga.* 152 (5) (supra); *Pedigo* v. *Celanese Corporation of America* (No. 16,581), 205 *Ga.* 392.

5. Under the foregoing rulings as applied to the instant case, the judge was authorized to find that the respondents (plaintiffs in error) violated the restraining order by engaging in mass picketing, as charged in the petition for citation.

6. The facts that the petition for citation also charged violation of such restraining order otherwise than by mass picketing, and the evidence may have failed to show such other violation, did not render erroneous the judgment finding the respondents guilty and imposing penalties within the provisions of Code § 24-2615 (5), as for a single act. See *Warner* v. *Martin*, 124 *Ga.* 387 (4) (52 S. E. 446, 4 Ann. Cas. 180); *Cunningham* v. *Avakian*, 192 *Ga.* 391 (1), 395 (15 S. E. 2d, 493); *Orr* v. *Dawson Telephone Co.*, 35 *Ga. App.* 560 (1) (133 S. E. 924).

7. The judgment complained of was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

No. 16582. June 15, 1949. Rehearing denied June 28, 1949.

498

Poole, Pearce & Hall, Wright & Scoggin, M. G. Hicks, Charles Culbert, Isadore Katz, and David Jaffe, for plaintiff in error. Wright, Rogers, Magruder & Hoyt, contra.