ALRED et al. v. CELANESE CORPORATION OF AMERICA.

BELL, Justice. 1. There was no error in overruling the demurrer to the petition for citation or rule nisi for contempt. *Pedigo* v. *Celanese Corporation of America* (case 16,581), 205 *Ga.* 392 (1).

2. It does not appear that the judge abused his discretion in overruling the motion for a continuance of the contempt hearing, based solely on alleged lack of opportunity of leading counsel to prepare for trial, nothing being shown as to inability or lack of opportunity of other attorneys in the case to prepare for such trial. Code, § 81-1419; *Cooper* v. *Jones,* 24 *Ga.* 473 (4); *Thomas* v. *State,* 92 *Ga.* 1, 8 (18 S. E. 44); *Blackwell* v. *Jennings,* 128 *Ga.* 264 (1) (57 S. E. 484); *Dennard* v. *Farmers & Merchants Bank of Coolidge,* 151 *Ga.* 445 (107 S. E. 56).

3. In contempt proceedings for alleged violation of a restraining order which is predicated on a petition for injunction, persons not made parties to the original petition, and not shown to have had actual knowledge of the restraining order, are not subject to attachment for contempt for such alleged violation of the order. But where a restraining order is issued, persons who have actual knowledge thereof, though not parties to the petition for injunction on which the restraining order was issued, are subject to attachment for contempt for a violation of its terms. *Corley* v. *Crompton-Highland Mills,* 201 *Ga.* 333 (39 S. E. 2d, 861).

4. Whether a contempt of court has been committed in the violation of an injunctive order, and how it shall be treated, are questions for the discretion and judgment of the court that issued the order, and its discretion will not be interfered with by this court unless there is an abuse of discretion. If there be any substantial evidence from which the judge could have concluded that his order had been violated, his finding to that effect cannot be disturbed by this court, in so far as sufficiency of the evidence is concerned. *Patten* v. *Miller,* 190 *Ga.* 152 (5) (8 S. E. 2d, 786); *Pedigo* v. *Celanese Corporation of America* (No. 16,581), 205 *Ga.* 392.

5. Under the rulings stated in the two preceding notes, as applied to the evidence in this case, it does not appear that the judge abused his discretion in adjudging the respondents, S. T. Alred, Chesley Gaines, and W. S. Robertson guilty of contempt in participating, with others, in blocking the entrance of a train into the plaintiff's premises in violation of the restraining order and as charged in the petition for citation.

**500**

(a) The person first named was a party to the original petition upon which the restraining order was issued, and he testified that at the time of the alleged violation he stated to the plaintiff's attorney, "We knew all about the" injunction. Although the other two were not parties to the original suit, the evidence authorized a finding that they acquired actual knowledge of the provision of the restraining order alleged to have been violated, through an announcement made by the plaintiff's attorney at the scene of the alleged violation. Also, as to these three persons, the evidence was sufficient to authorize a finding that all of them, after acquiring such knowledge, participated in blocking the entrance of the train into the plaintiff's premises, in violation of the terms of the restraining order, and as charged in the petition for citation. *Corley* v. *Crompton-Highland Mills*, 201 *Ga.* 333 (4) (supra); *Lassiter* v. *Swift*, 204 *Ga.* 561 (50 S. E. 2d, 359); *Huckaby* v. *Griffin Hosiery Mills*, 205 *Ga.* 88 (2) (52 S. E. 2d, 585).

(b) The plaintiffs in error, J. L. Bowman, Troy Cline, E. J. Ellis, and Hubert Summerville, were not parties to the injunction suit; nor did the evidence show that they had any knowledge of the restraining order.

(c) Although the testimony of Billy Marion Ingram, not a party, showed that he heard the announcement made by the attorney as referred to above, and that he and others were "over there to see that our signs weren't knocked down, or taken off the track," neither his testimony nor other evidence in the case showed that he did anything toward blocking the train, or that he aided or abetted others to do so, *after* the attorney's announcement; nor was there any evidence as to previous knowledge on his part.

(d) As to the remaining plaintiffs in error, Joe Poole, W. V. Smith, Davis Whorton, and Jack Thomas (a party), there was no sufficient evidence to show violation of the restraining order *in the manner alleged* in the petition for citation; the only violation charged in such petition, construed most strongly against the petitioner, being the alleged blocking or preventing entrance of a designated train into plaintiff's premises.

(e) Accordingly, the judgment adjudging the twelve plaintiffs in error guilty of contempt of court is affirmed in so far as S. T. Alred, Chesley Gaines, and W. S. Robertson are concerned, but is reversed as to the remaining plaintiffs in error.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*

No. 16583. JUNE 15, 1949. REHEARING DENIED JUNE 28, 1949.

510

Poole, Pearce & Hall, Wright & Scoggin, M. G. Hicks, Charles Culbert, Isadore Katz, and David Jaffe, for plaintiff in error. Wright, Rogers, Magruder & Hoyt, contra.