WOMACK *et al. v.* CELANESE CORPORATION OF AMERICA.

BELL, Justice. 1. The court did not err in overruling the demurrer to the petition for contempt citation. *Pedigo* v. *Celanese Corporation of America* (No. 16,581), 205 *Ga.* 392 (1).

2. The judge did not abuse his discretion in overruling the motion of the respondents for a continuance of the contempt hearing. *Alred* v. *Celanese Corporation of America* (No. 16,583), 205 *Ga.* 499 (2).

3. In contempt proceedings for alleged violation of a restraining order which is predicated on a petition for injunction, persons not made parties to the original petition, and not shown to have had actual knowledge of the restraining order, are not subject to attachment for contempt for a violation of its terms. But one who is an original party in such case, and who has been duly served, may be chargeable with notice of the issuing of the injunction so that his violation thereof will render him guilty of contempt, even though he has no actual knowledge of the injunction. *Corley* v. *Crompton-Highland Mills,* 201 *Ga.* 333 (39 S. E. 2d, 861); *Carroll* v. *Celanese Corporation of America* (No. 16,582), 205 *Ga.* 493 (3); 12 Am. Jur. 409, § 27; 17 C. J. S. 23, § 18.

(*a*) While no entry of service appears in the record as to the plaintiff in error Womack, the only one of the present plaintiffs in error who was named as a defendant in the original injunction suit, yet no question whatever as to service having been raised, it will be presumed that service was duly and properly made upon him. *Watson & Strickland* v. *Parian Paint Co.,* 138 *Ga.* 621 (3a) (75 S. E. 608).

4. Whether a contempt of court has been committed in the violation of an injunctive order, and how it shall be treated, are questions for the discretion and judgment of the court that issued the order, and its discretion will not be interfered with by this court unless abused. If there be any substantial evidence from which the judge could have concluded that his order had been violated, his finding to that effect cannot be disturbed by this court, in so far as sufficiency of the evidence is concerned. *Patten* v. *Miller,* 190 *Ga.* 152 (5) (8 S. E. 2d, 786); *Pedigo* v. *Celanese Corporation of America* (No. 16,581), 205 *Ga.* 392.

(*a*) Under the rulings stated in the two preceding notes, as applied to the evidence in the instant case, the trial judge did not abuse his discretion in adjudging the respondent Lowell E. Womack guilty of contempt in violating the provision of the order restraining the defendants named in the injunction suit, their allies and confederates, "from following any of plaintiff's employees . . to or from the homes of such employees," as charged in the petition for citation.

(*b*) The judgment finding the respondent Lowell E. Womack guilty of contempt as indicated in note (*a*) above was not erroneous, even though the

evidence may not have authorized the judge to find him guilty of violating the injunction by shooting at the employee as also charged in the petition for citation; the penalties imposed being within the provisions of Code, § 24-2615 (5), as for a single act. *Warner* v. *Martin*, 124 *Ga.* 387 (4) (52 S. E. 446, 4 Ann. Cas. 180); *Cunningham* v. *Avakian*, 192 *Ga.* 391 (1), 395 (15 S. E. 2d, 493); *Orr* v. *Dawson Telephone Co.*, 35 *Ga. App.* 560 (1) (133 S. E. 924).

(c) Although J. W. Williamon, who was not a party to the original injunction suit, while testifying on the contempt hearing, stated, "I knew there was an injunction but I didn't know there was one for riding up and down the road," this evidence, without more, was insufficient to show any knowledge of the injunction against "following any of plaintiff's employees to or from work or to or from the homes of such employees," for an alleged violation of which the respondent was tried; nor was there other evidence tending to show such knowledge on his part. *Lassiter* v. *Swift & Co.*, 204 *Ga.* 561 (50 S. E. 2d, 359).

(d) Nor as to the other plaintiffs in error, Oscar T. Locklear, Donald Pierce, and John Bolin, who were not parties to the injunction suit, was there evidence showing or tending to show that they had any knowledge whatever regarding the restraining order.

5. Accordingly, the judgment finding the five plaintiffs in error guilty is affirmed as to Lowell E. Womack, but is reversed as to the remaining plaintiffs in error.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*

No. 16584. June 15, 1949. Rehearing denied June 28, 1949.

518

520

*Poole, Pearce & Hall, Wright & Scoggin, M. G. Hicks, Charles Culbert, Isadore Katz,* and *David Jaffe,* for plaintiff in error. *Wright, Rogers, Magruder & Hoyt,* contra.