19945. LONG *et al. v.* GENERAL ELECTRIC COMPANY.

CANDLER, Justice. On General Electric Company's verified petition for injunctive relief, Sam Long, Edward Jones, Herman Burns, and several other named members of Local No. 191 of the International Union of Electrical, Radio and Machine Workers were, until further order of the court, restrained from interfering with the orderly conduct of the plaintiff's manufacturing plant in Floyd County, Georgia, by the commission of specified acts. While such order was of force and effect, the plaintiff instituted contempt proceedings against the defendants Long, Jones, and Burns. The contempt petition alleges that the defendants, with actual notice of such restraining order and after they had been served with a copy of the same, had wilfully and intentionally violated its terms by the commission of various acts expressly prohibited thereby. On a hearing and after both sides had introduced much testimony, the defendants were found guilty of contempt as charged in the petition. Long and Burns were each sentenced to pay a fine of $150 and serve 15 days in jail, and Jones was sentenced to pay a fine of $200 and serve 20 days in jail. During the hearing the plaintiff tendered in evidence and requested the judge to view from its projection, a motion picture film which Earl Kennedy made of the alleged contemptuous acts of the defendants. The film was admitted in evidence, and the court viewed a projection of it over an objection by the defendants, that (a) the picture reproduced by the film compressed the individuals and their actions as photographed into a smaller apparent depth of field than would be the case if viewed with the naked eye, and (b) it had not been shown by the testimony of those in possession of the film that no part of it had been deleted or otherwise changed. There is an exception to this ruling and the final contempt judgment. *Held:*

1. Over the objection made there is no merit in the contention that the court erred in allowing the film in evidence and afterwards viewing a projection of it. When it was offered in evidence, and the court was requested to view its projection, counsel for the defendants, while making his objection thereto, further stated to the court that the defendants would have no objection to its introduction if it accurately portrayed the acts complained of; but it was his contention that the evidence showed that it was an inaccurate portrayal of the scene, as

it depicted the distances between the persons photographed and the area of their operation. Respecting its accuracy, Earl Kennedy, a witness for the plaintiff, testified that he operated the camera which produced it; that he personally saw the events which are shown by a projection of it; and that it correctly portrays what he saw take place at the time the events occurred, nothing more or less.

2. A finding by the court that the defendants had each wilfully and intentionally violated the terms of the restraining order was fully authorized, if not demanded, by the evidence. This being true, there is no merit in the contention that a conviction of the defendants for contempt of the court was not supported by the evidence. See *Warner* v. *Martin*, 124 *Ga.* 387, 392 (52 S. E. 446, 4 Ann. Cas. 180); *Patten* v. *Miller*, 190 *Ga.* 152 (5) (8 S. E. 2d 786); *Corley* v. *Crompton-Highland Mills*, 201 *Ga.* 333 (4) (39 S. E. 2d 861), and the cases there cited.

3. Since the sentences imposed in the instant case are within the limits of punishment prescribed by the statute for contempt of court, and since the trial judge is vested with a discretion as to the amount of punishment which should be imposed within such limits, this court is not authorized to control his discretion with respect thereto.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED JANUARY 14, 1958—DECIDED FEBRUARY 7, 1958.

*Adair & Goldthwaite, J. R. Goldthwaite, Jr.*, for plaintiffs in error.

*Matthews, Maddox, Walton & Smith*, contra.

WYATT, Presiding Justice, dissenting. I dissent from the ruling in Division 1 for the reason that I do not think film of a moving picture is ever admissible.