## 25716. DeROSE v. HOLCOMB.

NICHOLS, Justice. Ray Holcomb, as the employer, and John J. DeRose, as the employee, entered into an employment contract which contained a provision prohibiting the employee for a period of one year after the termination of the contract from using knowledge gained by his employment in a radius of ten miles from the employer's place of business. The employment was terminated on November 15, 1969, and thereafter a petition was filed seeking an injunction against the employee when, according to the allegations of the petition, he entered business in competition with the employer at a location less than five city blocks from the employer's place of business. A hearing was held and, after hearing evidence, the trial court overruled a motion to dismiss and granted a temporary restraining order which enjoined the employee from engaging in the business of men's hair styling during the prohibited period within the restricted area but did not enjoin him from barbering except as to the employer's customers. It is from this judgment that the employee appeals. Error is enumerated on the decree as including restrictions not prayed for by the employer, on the judgment overruling the motion to dismiss because there was no evidence before the court to show custom styling of men's hair differs from barbering and that the injunction was vague and indefinite as to what actions were enjoined. *Held:*

1. Under the decision of this court in *Ward v. National Dairy Products Corp.*, 224 Ga. 241 (161 SE2d 305), construing the Civil Practice Act of 1966 (Ga. L. 1966, pp. 609, 627, 658; *Code Ann.* §§ 81A-115, 81A-154), prior decisions of this court limiting equitable relief to that alleged and prayed for are no longer applicable, and in the absence of a transcript of the evidence adduced upon the interlocutory hearing, it must be assumed that each item covered by the temporary injunction was contested and that it was supported by the evidence. Accordingly, the first two enumerations of error, which of necessity require a consideration of the evidence adduced on the hearing, show no reversible error in the absence of such evidence being included in the record transmitted to this court.

2. Where it is contended that an injunction is so vague or indefinite that the party enjoined entertains doubt as to what

he might or might not do under the terms of such order the proper procedure is to ask the trial court for modification or construction. *Warner v. Martin,* 124 Ga. 387 (52 SE 446, 4 AC 180); *Patten v. Miller,* 190 Ga. 152 (8 SE2d 786). Therefore the remaining enumeration of error is without merit and the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 11, 1970—DECIDED APRIL 9, 1970.

*Siegel & Grude, Alvin N. Siegel,* for appellant.

*Heyman & Sizemore, Thomas Henry Nickerson,* for appellee.