26822.   GENERAL TEAMSTERS LOCAL UNION NO. 528
et al. v. ALLIED FOODS, INC.

UNDERCOFLER, Justice. On the verified complaint of Allied Foods, Inc., against General Teamsters Local Union No. 528 of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America and two named individuals, a judge of the Superior Court of Fulton County on November 20, 1970, issued a temporary restraining order. On December 8, 1970, before the date set for the hearing on said interlocutory injunction, the complainant filed a motion praying that the union and named individuals be adjudged in contempt of court for specific violations of the temporary restraining order. Pursuant to a rule nisi issued on that motion, a hearing was held on December 21, 1970. Thereafter an order was passed finding that the union had knowingly violated the restraining order on each of 18 days since November 20, 1970, and found it to have committed acts of contempt on each of such days. The order also found that William R. Towe, an individual, had knowingly violated the said restraining order and found him to be in contempt of court. The union was fined $200 for each of the 18 days of violation of the restraining order, and was ordered to pay an attorney's fee for the benefit of the complainant in the amount of $1,500. William R. Towe was fined $200. This order was appealed to this court but was dis-

missed as being premature. *General Teamsters Local Union No. 528 v. Allied Foods,* 227 Ga. 830 (183 SE2d 374). Thereafter, the Union and Towe filed a motion for discharge from contempt based on various grounds. The motion was overruled on each ground. The appeal is from that judgment. *Held:*

1. The appellants contend that the trial court erred in entering judgment against them without first finding the facts specially and in failing to state separately its conclusions of law as required by *Code Ann.* § 81A-152 (a). This Code section provides: "In all actions in superior court tried upon the facts without a jury, except actions involving only uncontested divorce, alimony and custody of minors, the court shall find the facts specially and state separately its conclusions of law thereon and judgment shall be entered pursuant to section 81A-158." Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171.

The trial court made certain findings in this case which included the following: "3. The defendant . . . [Union] . . . has knowingly violated the said restraining order on each of 18 days since November 20, 1970, and is therefore found to have committed acts of contempt on each of such days. 4. The respondent William R. Towe has knowingly violated the said restraining order and is therefore found to be in contempt of court."

In 5A Moore's Federal Practice (2d Ed.) 2706, § 52.06[1] it is stated: "The purpose of findings of fact is threefold: as an aid in the trial judge's process of adjudication; for purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review."

The findings of the trial court in this case are sufficient to enable this court to understand clearly the basis of its decision and the conclusions of law reached by it. The conclusions of law are separately stated based on the facts found by the trial court.

These contentions are without merit.

2. The appellants contend that the trial court erred in finding the Union and Towe guilty of contempt and assessing

fines against them because the temporary restraining order upon which the contempt citation was based was vague, indefinite, uncertain and confusing and failed to put them on notice as to what they were required to do or prohibited from doing.

*Code Ann.* § 81A-165 (d) provides: "Every order granting an injunction and every restraining order shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive notice of the order by personal service or otherwise." Ga. L. 1966, pp. 609, 665; 1967, pp. 226, 240.

The injunctive order provides: ". . . that the defendants, their agents, servants, employees and attorneys, and all persons acting in association with them be and they hereby are restrained until 3:00 o'clock p.m., on the 18th day of December, 1970, from threatening, assaulting or throwing objects at plaintiff's employees or supervisors or other persons, or throwing objects at vehicles in which any such employees, supervisors or other persons are riding, in the vicinity of plaintiff's plant, or at any other place, from blocking the ingress to or egress from plaintiff's plant or premises by any persons, and from congregating or gathering in the vicinity of plaintiff's plant or along Hills Avenue and Hills Place between the two entrances to plaintiff's plant and office, or in the vicinity of plaintiff's parking lot on Hills Avenue located immediately across the creek from plaintiff's plant, in numbers larger than two pickets at a time at each of the two entrances."

The injunction sufficiently complies with this Code section. If the defendant is in doubt as to what acts he may or may not do under the order, he should request a modification or construction of its terms. If he proceeds under his own construction, he does so at his own peril. *Warner*

*v. Martin,* 124 Ga. 387 (52 SE 446, 4 AC 180); *Patten v. Miller,* 190 Ga. 152 (2) (8 SE2d 786); *DeRose v. Holcomb,* 226 Ga. 289 (174 SE2d 410).

In *Lassiter v. Swift & Co.,* 204 Ga. 561 (50 SE2d 359), this court held: "Where, as here, the judgment excepted to is one finding the employees guilty of contempt of court for violation of an injunction order issued on the petition of the employer, the rights of the employer and employees growing out of their relationship and the validity of the injunction order are not under review, but the sole question for this court to decide is whether or not the court's order is shown to have been violated by the employees."

It follows that these contentions are without merit.

3. The evidence in this case shows that the attorney for the union was present at the time when the trial judge signed the restraining order on November 20, 1970; that the union failed to give notice to the strikers or picket captains of the restraining order; that the union made no effort to bring the strikers and pickets into compliance with the court's order despite the fact that the union continued to meet with them and schedule and instruct the pickets; that pickets were scheduled by the union in numbers exceeding those permitted by the restraining order; that the union continuously violated the restraining order by maintaining strikers at the company in numbers exceeding those authorized by the order, except for certain specified days; that immediately after the restraining order was signed on Friday, about 50 copies of it were made by the company; that about 6:15 p.m. that same day a copy was taken to the picket line at both entrances and read to the pickets and about 30 strikers were present at one of the entrances at that time; that on the following Monday, the order was again read to the assembled strikers and copies given them; that on Tuesday a company supervisor began reading a copy of the order to 8 strikers at one of the entrances and was stopped by one of them saying that he wanted that "Mickey Mouse" document and the order was given to

him, and that the company had the order read repeatedly to the strikers and copies were given to them.

The evidence also shows that Towe was a picket captain who had attended about three union meetings which were held during the strike; that two of these meetings were held after the restraining order had been issued; that the union did not advise the strikers in Towe's presence of the restraining order; that Towe had heard that a restraining order had been issued "to the picket lines and all that if there had been, but I have never seen one read or had one read to me"; that on December 3, 1970, Towe was in a group of five strikers at the picket line; that he also admitted being present at the picket line on other occasions after issuance of the order; that Towe and another striker left the picket line and chased a nonstriking employee toward a bus stop as he left work and the other striker with him threatened to "get" the nonstriking employee; that Towe received direct instructions as a picket captain from the union officials and was told a restraining order would be issued if there was any violence at the company.

(a) The appellant Towe contends that there was no evidence that he had notice of the restraining order prior to the commission of the alleged contemptuous acts and contends further that the evidence is insufficient to find him guilty of contempt of court. We do not agree with these contentions.

"It is settled law that, to sustain a judgment holding them in contempt, the evidence must show that they acted after having actual knowledge of the court's order. . . While there is no direct proof that these plaintiffs in error had such knowledge, there is, however, circumstantial evidence . . . sufficient to authorize the trial judge to find that they acted with such knowledge." *Lassiter v. Swift & Co.*, 204 Ga. 561, 569, supra.

"Whether a contempt of court has been committed in the violation of an injunctive order, and how it shall be treated, are questions for the discretion and judgment of

the court that issued the order, and its discretion will not be interfered with by this court unless there is an abuse of discretion. If there be any substantial evidence from which the judge could have concluded that his order had been violated, his finding to that effect cannot be disturbed by this court, insofar as the sufficiency of the evidence is concerned. *Patten v. Miller,* 190 Ga. 152 (5) [8 SE2d 786]; *Pedigo v. Celanese Corp. of America,* 205 Ga. 392 [54 SE2d 252]." *Carroll v. Celanese Corp. of America,* 205 Ga. 493 (4) (54 SE2d 221).

The contentions of Towe are therefore without merit.

(b) The Union contends that there is no evidence to support the finding of the trial court that it was guilty of contempt. We do not agree with this contention. The evidence is sufficient to support this finding by the trial court.

The contentions of the union are therefore without merit.

4. The appellant Union contends that the contempt citation did not allege that it had committed acts of contempt on each of eighteen days and that it was therefore "illegally deprived of effective benefit of counsel."

The motion of the complainants filed on December 8, 1970, alleged that "on every day since the said restraining order was issued, other than holidays and some Saturdays and Sundays, the defendant Union has conducted picketing at each of said entrances with numbers of pickets in excess of the two permitted by the restraining order. . .".

This was sufficient notice to the union that the alleged contemptuous acts were of a continuous nature.

There is no merit in this contention.

5. The appellant union contends that the trial court was not authorized to award attorney's fees to the complainant because such an award is not authorized by law, was without authority of law, and was in excess of the court's jurisdiction.

"In *Warner v. Martin,* 124 Ga. 387 (52 SE 446, 4 AC 180), the defendant in an injunction case was sentenced to pay a fine of $250 for violating a restraining order. This

court said 'The judgment rendered on such a hearing will not be disturbed by the Supreme Court, unless the judge has grossly abused the sound discretion vested in him in such cases'; but that 'A judge of the superior court has no power to impose a fine of more than two hundred dollars for contempt in violating a temporary restraining order, where the violation was treated by the judge as a single act'; and the judgment was affirmed with direction that $50 be written off the fine." *Pedigo v. Celanese Corp. of America,* 205 Ga. 392, 402, supra. *Code* § 24-2615 provides that the superior courts have authority: "5. To punish contempt by fines not exceeding $200, and by imprisonment not exceeding 20 days." The power of the superior court is limited by this Code section. *Warner v. Martin,* 124 Ga. 387 (4), supra. Compare *Stevenson v. Stevenson,* 222 Ga. 47 (4) (148 SE2d 388). The trial court had no authority to award attorney's fees to the complainant in this action.

We affirm the judgment of the trial court with direction that the $1,500 awarded as attorney's fees on behalf of the complainant be written off the judgment.

6. In view of the above ruling, it is not necessary to decide the other enumerations of error.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED NOVEMBER 9, 1971—DECIDED DECEMBER 1, 1971—
REHEARING DENIED DECEMBER 17, 1971.

*Robert L. Mitchell,* for appellants.
*Mitchell, Pate & Anderson, William B. Pate,* for appellee.