## ALMAND *et al. v.* ATLANTIC COAST LINE RAILROAD COMPANY *et al.*

Expenses incurred by a litigant in taking depositions of witnesses before a commissioner in the manner provided for by statute are not to be regarded as costs which may be taxed against the opposite party in the event he is cast in the suit.

Argued July 8, — Decided August 12, 1903.

Motion to tax costs.    Before Judge Reid.    City court of Atlanta.    January 31, 1903.

*Arnold & Arnold* and *Harvey L. Parry,* for plaintiffs.

*Joseph B. & Bryan Cumming* and *Sanders McDaniel,* for defendants.

FISH, P. J.  The sole question presented by the bill of exceptions in this case is whether or not, when a party to a pending cause exercises his right to have the depositions of witnesses taken before a commissioner appointed by the superior court, and the suit subsequently results in his favor, the losing party is chargeable, as a part of the costs of the case, with the expense of taking such depositions.  The Civil Code, § 5385, declares that "In all cases in any of the courts of this State (except as provided for by this code), the party who shall discontinue, fail, or be cast in such suit, shall be liable for the costs thereof."   Section 5321 provides that when the depositions of witnesses are taken before a commissioner, he "shall receive, from the party seeking the testimony of the witnesses examined before him, the following fees, to wit: for the examination of each witness, two dollars; for certifying and returning the testimony taken before him for the plaintiff or defendant, in each case, fifty cents; for issuing each subpœna, twenty cents."   The precise point to be determined therefore is: do these fees constitute a portion of the costs of a suit which the losing party is, under the provisions of the section first cited, expected to pay, or do they fall within one of the exceptions to which that section refers ?  The usual and time-honored method of procuring the testimony of witnesses is by compelling their attendance in person before the court in which suit is pending, and calling on them to deliver their testimony from the stand.   When this method is pursued, the party cast in the suit is liable to pay the fees of a limited number of wit-

nesses, each of whom is entitled to receive seventy-five cents per diem.    Civil Code, §§ 5260, 5392.    At a comparatively recent date (1871), the General Assembly of this State provided for another and more expensive method of taking testimony, by conferring upon a party litigant the privilege, in certain cases, of taking the depositions of witnesses before a duly-appointed commissioner, without procuring any order or commission for so doing, upon giving the opposite party five days notice of the time and place for the taking of such depositions and the names of the witnesses.    See Code of 1882, § 3893 ; Civil Code, § 5315.    But it was also explicitly declared that the fees of the commissioner should be paid by " the party seeking the testimony of the witnesses examined before him," and no hint was given of any purpose to allow such party to call upon the opposite party for reimbursement for the expense thus incurred, in the event the latter should eventually be cast in the suit.    Code of 1882, § 3899 ; Civil Code, § 5321.

So the better view of the matter would seem to be that our General Assembly did not contemplate that where a party litigant elected to avail himself of the privilege of adopting this expensive method of examining such witnesses, and as many witnesses as he might choose to thus call upon to testify, the commissioner's fees should be taxed as a part of the regular costs of the suit, if it resulted favorably to that party.    If such had been the legislative intent, provision would doubtless have been made that the losing party should not be compelled to bear the expense of taking depositions which his opponent did not offer in evidence on the trial of the case and which he did not himself use, or in any event be required to pay the commissioner's fees for examining more than two witnesses as to a particular point in controversy, unless the court should be of the opinion that this was an issue of such importance as to justify the calling of a greater number of witnesses to establish the same.    We assume this to be highly probable, in view of the fact that it has ever been the statutory law of this State that, when witnesses are summoned to appear in court to give their testimony ore tenus, the losing party is not liable to pay the fee of any witness subpoenaed by the successful party, but not " sworn and examined on the trial " of the case, or " liable for the costs of more than two witnesses to the same point, unless the court shall certify that the question at issue was of such a character as ren-

dered a greater number of witnesses necessary to a single point." See Civil Code, § 5392. As we construe the statute, its purpose was to permit litigants to guard against the loss of testimony likely to be occasioned by important witnesses becoming, through death or otherwise, inaccessible, the privilege being extended on condition that a litigant desiring to avail himself thereof should bear the expense of thus protecting his interests, without regard to whether he should or should not eventually gain the cause. If we are mistaken in this view, more explicit legislation on the subject may, and should, be enacted in furtherance of the legislative will.

*Judgment affirmed. By five Justices.*