### 4120. AUTO HIGHBALL CO. *et al. v.* SIBBETT.

The State is a necessary party defendant in error to a bill of exceptions complaining of a judgment and sentence against the plaintiff in error for a criminal contempt, instituted for the purpose of vindicating the court's authority and not for the purpose of enforcing a civil right of an aggrieved party.

DECIDED OCTOBER 2, 1912.

Attachment for contempt; from city court of Douglas—Judge Buie presiding. December 19, 1911.

*Scott & Davis,* for plaintiffs in error.

*Rogers & Heath, Chastain & Henson, J. W. Quincey, Lawson Kelley,* contra.

POTTLE, J. The writ of error was dismissed because the bill of exceptions appeared not to have been filed in the office of the clerk of the trial court within the time required by law. A motion to reinstate the writ of error was made, upon the ground that while, from the date of filing entered on the bill of exceptions, it appeared that that document was not filed in the office of the clerk of the trial court within the time required by law, yet as a matter of fact it was filed within due time, and the date of the filing endorsed on the bill of exceptions by the clerk was erroneous. Upon a consideration of this motion, this court directed the clerk of the

trial court to further certify with reference to the date upon which the bill of exceptions was actually filed in his office. The clerk has certified that the bill of exceptions was filed in his office on March 12, 1912, and, in accordance with the direction of this court, the date of filing has been changed on the bill of exceptions, so as to read, "Filed in office March 12, 1912." But the motion to reinstate the writ of error will not be granted, because the writ of error must be dismissed for the reason hereinafter indicated.

A motion to dismiss the writ of error was made on the ground that there were no proper parties defendant in error named in the bill of exceptions, and upon whom service was perfected. Contempts are both civil and criminal. Where the object of the contempt proceeding is the obtainment of relief by a complaining party, such as the payment of damages for the violation of an injunction order, and the like, the proceeding is civil in its nature. Gompers v. Bucks Stove & Range Co., 221 U. S. 418 (31 Sup. Ct. 492, 55 L. ed. 797, 34 L. R. A. (N. S.) 874); Howard v. Durand, 36 Ga. 346 (91 Am. Dec. 767); Ball v. Wright, 115 Ga. 729 (42 S. E. 32); Warner v. Martin, 124 Ga. 387 (52 S. E. 446, 4 Ann. Cas. 180). Where, however, the proceeding is brought solely for the purpose of vindicating the authority of the court and not for the relief of an aggrieved party, the proceeding is criminal in its nature. Bradley v. State, 111 Ga. 168 (36 S. E. 630, 50 L. R. A. 691, 78 Am. St. R. 157); State v. Steele, 112 Ga. 39, 42 (37 S. E. 174). In a criminal prosecution for contempt, the State is a proper party; and if exception is taken to a judgment attaching a party for criminal contempt, the State must be made a party defendant in error in the reviewing court. In the present bill of exceptions no defendant in error is specifically named. Apparently the plaintiffs in error sought to make the parties in the original case, out of which the contempt grew, parties to the writ of error, because service of the bill of exceptions was acknowledged by counsel for both parties in the main case. It is true that service of the bill of exceptions was also acknowledged by the solicitor of the city court of Douglas, but since the State was not a party in the court below, and nowhere mentioned in the bill of exceptions as a party, mere service upon the solicitor would not have the effect of making the State a party in the Court of Appeals, even if such solicitor was the party to acknowledge service for the State. We are quite clear that we have

no jurisdiction of the writ of error; and the bill of exceptions will therefore be dismissed for want of a proper party defendant in error.

We, however, express our views upon the merits of the case, since the question will likely arise again. The judgment entered for contempt by the judge of the State court was clearly void. It appears that a subpœna duces tecum, regularly issued by the city court of Douglas, was served upon the Auto Highball Company and J. H. Walton, who was described in the caption of the subpœna as "secretary and treasurer." No response was made to this subpœna, and a rule nisi for contempt was regularly issued, calling upon him and the Auto Highball Company to show cause why they should not be dealt with as in contempt of court. At the time fixed for the return of the rule the respondents did not appear, either in person or by counsel, or offer to show cause why they should not be attached for contempt. Thereupon the rule nisi was made absolute, and a judgment was entered against J. H. Walton and the Auto Highball Company, that they be imprisoned in the common jail of Coffee county, but that the imprisonment might be relieved by the payment at any time of the sum of $25. Of course, the sentence against the corporation was void, because a corporation can not be attached for contempt. *Simmons* v. *Georgia Iron & Coal Co.*, 117 *Ga.* 305, 319 (43 S. E. 780, 61 L. R. A. 739). We think it was likewise void as to Walton. This being a criminal prosecution, the judge had no power to impose sentence in the absence of the respondent. The proper course to have pursued would have been to have issued an attachment for the person who had failed to respond to the rule nisi for contempt, have him arrested and brought into court, and have dealt with him in the manner provided by law. The sentence of the court, imposed upon the respondent in his absence, was absolutely void and can not be enforced against him. This does not mean that the court is still without power to issue an attachment and have the contumacious witness brought before it to be dealt with. When the respondent is regularly brought before the court, it will then be time to determine whether or not such facts exist as will justify punishment as for contempt.

*Writ of error dismissed.*