24665. WALTON, commissioner, etc., *et al. v.* STROUD.

SUTTON, J. Where the defendant in a pending tort action, who was personally served with the notice and subpœna to appear before a commissioner authorized to take depositions, and be examined by the plaintiff therein, under the Code of 1933, §§ 38-2301 et seq., refused to appear, and the commissioner addressed to the trial court his petition setting forth these facts and praying that the defendant be adjudged in contempt on account of the refusal to appear before him in response to the notice and subpœna, to which petition was attached the certificate of the commissioner, reciting these facts, and thereupon a rule nisi issued, and where the defendant demurred to the petition, and upon the hearing the judge sustained the demurrer and refused to adjudge the defendant in contempt, on the ground that the defendant did not come within the purview of the above sections of the Code, being a nonresident of this State only temporarily sojourning within said county and State, the proceeding was brought solely for the purpose of vindicating the authority of the court, and not for the relief of the plaintiff, and was therefore criminal in its nature, and such commissioner could not sue out a writ of error to review the discretionary action of the court in refusing to entertain such petition and adjudge the defendant in contempt of the court for refusing to appear before the commissioner and be examined. See *Auto Highball Co.* v. *Sibbett*, 11 *Ga. App.* 618 (75 S. E. 914) ; 3 C. J. 660, § 528. Where the commissioner certifies to the court in which the main action is pending the facts concerning the failure and refusal of the witness to appear before him, he has fully performed his statutory duties and authority in that matter. If the defendant had been attached for contempt and punished, then a different question would be for determination.

   *Writ of error dismissed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 15, 1935.

*M. H. Collier, W. L. Sala, J. J. Hopkins,* for plaintiffs.
*Brandon, Hynds & Tindall,* for defendant.