26389, 26429. FORD MOTOR COMPANY *et al. v.* PATTERSON-POPE MOTOR COMPANY.

DECIDED NOVEMBER 5, 1937. REHEARING DENIED DECEMBER 10, 1937.

*Colquitt, MacDougald, Troutman & Arkwright, Spalding, Sibley, Troutman & Brock,* for Ford Motor Company.

*George C. Palmer, Hewlett & Dennis, Foley & Chappell,* contra.

FELTON, J. Patterson-Pope Motor Company, a corporation, sued the Ford Motor Company and Burrus Motor Company for damages alleged to have been caused by their having fraudulently induced the plaintiff to enter into a dealer's contract with the Ford Motor Company, which it was alleged the Ford Motor Company intended, at the time of the making of the contract, not to perform in good faith, but to fraudulently cancel after its execution, and after the plaintiff had expended large sums of money under it, in pursuance of the fraudulent intent with which it was made. It was alleged that J. H. Wood Jr. was the Ford Motor Company's Atlanta branch manager, and that his duties required him to negotiate with prospective dealers, to *make* contracts appointing authorized dealers, and to *recommend* the termination of contracts with dealers; that pursuant to the conspiracy it was agreed between the defendant conspirators, acting through Wood and Burrus, of the Burrus Motor Company, that as an ostensible excuse for the cancellation of the contract it would be contended that the petitioner was financially unsound; that in furtherance of said unlawful, malicious, and wicked conspiracy the Ford Motor Company, through its agent Wood, induced petitioner, on September 3, 1930, to enter into a contract whereby petitioner became an authorized dealer in Ford products in Muscogee County; that Burrus circulated the false and malicious statements that the Ford Motor Company was dissatisfied with petitioner as a dealer, that petitioner was in financial difficulty, and that the Ford Motor Company would soon cancel the dealer contract, all as a part of the original scheme on the part of defendants to injure and damage petitioner; that the contract was canceled by the Ford Motor Company on the false and fraudulent recommendation of agent Wood, and a reinstatement de-

clined after the Ford Motor Company had ascertained that the reasons given in Wood's recommendation were false and without foundation. The full contract of dealership entered into was not set forth in the petition, but it is conceded by counsel for both sides that it was subject to cancellation at the will of the Ford Motor Company. It was not alleged in the petition that the secret intention of the agent Wood was ever communicated to any other officer of the Ford Motor Company having authority to cancel the dealer contract entered into by petitioner. The suit is not based on the contract, but is based on the alleged tort, namely, the entering into of the contract with the intention not to perform it in good faith, and to break it, to the injury of petitioner in pursuance of the original scheme and intention, even though the contract was subject to cancellation at the will of the Ford Motor Company.

■ We shall concede, for the sake of argument only, and without any decision on that question, that it would be a tort for an agent of the Ford Motor Company, who had authority to enter into the dealer contract, *and* to cancel it at will, to enter into it with the Patterson-Pope Motor Company, with the secret intention at the time of its execution not to perform it in good faith, but to perform it in bad faith and to cancel it under conditions and circumstances designed to injure Patterson-Pope Motor Company, even though the contract provided for cancellation at the will of the Ford Motor Company, if in fact such design and plan were consummated to the injury of Patterson-Pope. The suit was not on the contract; so the question as to whether an action would lie for the illegal breach of the contract is not here involved. The sole question is whether the Ford Motor Company is guilty of the above tort when the agent who had authority to *make* the contract did *not* have the authority to cancel it, and did not notify officials who did have the authority to cancel it of the fraudulent intention with which it was made, when the contract itself provided for cancellation at the will of the Ford Motor Company. We do not think the Ford Motor Company guilty of the tort, in view of the cancellation clause in the contract, in the absence of allegations sufficient to show that the contract was canceled by the Ford Motor Company in pursuance of the original fraudulent scheme. If this intent existed only in the mind of Wood, as alleged, and he had no authority to cancel the contract, the Ford Motor Company would not be

liable for his fraudulent intention, because he had neither the right nor authority to consummate the scheme, and the Ford Motor Company, no matter what its intentions were, could with impunity, so far as liability for a tort is concerned, cancel the contract for any conceivable reason, or for no reason. It would not be liable in tort unless it canceled the contract in pursuance of the fraudulent making, and it could not do that without a knowledge of the fraud. This might not be true if it were not for the cancellation provision in the contract. The trouble with the plaintiff's case is that it seeks to "tack" on to the original secret fraudulent intent of an agent who did *not* have authority to cancel, which partakes of the nature of a tort, the breach of contract by another agent who *had* a right to cancel the contract; certainly so far as liability in tort therefor is concerned. The original secret intention is not a tort, because it did not become the intentional, wilful cause of the cancellation. The cancellation is not a tort, because it was provided for by the contract. The combination does not constitute a tort, because the element of fraud is absent from the act of cancellation which caused the alleged injury. In the absence of any allegation that the original fraudulent intent was made known to a Ford representative who had the authority to cancel the contract, that the fraudulent intent and scheme were ratified by the Ford Motor Company, and that the cancellation was made in pursuance of the original fraudulent scheme, the petition failed to set forth a cause of action in tort, and the general demurrer should have been sustained. The case of *Burrus Motor Co.* v. *Patterson-Pope Motor Co., 50 Ga. App.* 801 (179 S. E. 171), is not applicable to the facts in this case, because there was no contractual relation between the Burrus Motor Company and petitioner, going to the right of cancellation.

■ The original suit was tried twice, and dismissed. The Ford Motor Company filed a plea in abatement, alleging that the plaintiff did not pay all the costs and did not file a pauper's affidavit. The alleged cost which it is contended was not paid was the defendant's half of the court reporter's fees for taking down testimony and the charge of the court. At the first trial the parties expressly agreed to each pay one half of the costs for the services of the reporter. At the second trial the agreement was impliedly repeated. Upon the dismissal of the case a judgment was taken

against the plaintiff for all the. costs. This meant only all costs for which the losing party in a case would have been taxed. The amounts due the court reporter for taking down testimony were fixed by agreement, the obligation on each party was final, and is not affected by the outcome of the case; and the trial court is without authority to require one party to pay it all. This is our understanding of the universal practice in this State. It was not error to overrule the plea in abatement.

The bill of exceptions in case No. 26429, *Patterson-Pope Motor Company* v. *Ford Motor Company et al.,* to the order sustaining certain special demurrers to the petition, being functus officio in view of the ruling in the first division of this opinion, is dismissed without prejudice.

*Judgment reversed in No. 26389. Writ of error dismissed in No. 26429. Stephens, P. J., and Sutton J., concur.*