39862.   WELBORN v. MIZE et al.

Decided February 13, 1963—
Rehearing denied February 28, 1963.

*Oliver, Oliver & Gunter, Jack Gunter,* for plaintiff in error.
*Kimzey & Kimzey, Herbert B. Kimzey,* contra.

BELL, Judge. This appears to be an action for criminal contempt. Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court. *Davis v. Davis,* 138 Ga. 8 (1b) (74 SE 830). Where the petitioner prays that the defendant be adjudged in contempt in order *to obtain some remedial relief,* the contempt is civil, not criminal. *Cobb v. Black,* 34 Ga. 162. Cf. *Howard v. Durand,* 36 Ga. 346 (91 AD 767), and *Carson v. Ennis,* 146 Ga. 726 (92 SE 221, LRA 1917E 650). There is no remedial relief sought in this action. The prayer merely seeks the punishment of the alleged contemnees for failing to abide by the order of the court issued in the previous habeas corpus action.

Even though this be an action for criminal contempt, it is nevertheless appealable as it does not appear that the contemnees violated any of the criminal statutes of this State while engaging in the alleged contumacious action. *City of Macon v. Massey,* 214 Ga. 589, 590 (1) (106 SE2d 23).

Although the action is appealable, it is essential to perfect the appeal that the necessary party plaintiff in error bring the bill of exceptions.

While it is true that an individual plaintiff may "initiate" a proceeding for criminal contempt, *Alred v. Celanese Corp. of America,* 205 Ga. 371 (2) (54 SE2d 240), however, "In a criminal prosecution for contempt, the State is a proper party; and if exception is taken to a judgment attaching a party for criminal contempt, the State must be made a party defendant in error in the reviewing court." *Auto Highball Co. v. Sibbett,* 11 Ga. App. 618, 619 (75 SE 914). Accord, *Abney v. Harris,* 208 Ga. 184, 185 (65 SE2d 905).

"Where the bill of exceptions was filed by one who was not a party to the suit, and there is nothing in the record to show that the real party at interest is dissatisfied with the rulings of the court made upon the trial, the bill of exceptions can not be amended in this court so as to make such party the plaintiff in error." *Edwards v. Gabrels,* 42 Ga. App. 163 (2) (155 SE 340).

Since the State is the necessary party plaintiff in error to a bill of exceptions complaining of a judgment discharging a party prosecuted for criminal contempt, and the bill of exceptions was not filed by the State, and there is nothing in the record to show that the necessary party plaintiff in error is dissatisfied with the ruling below, the writ of error must be

*Dismissed. Carlisle, P. J., and Hall, J., concur.*