45650. BROWN v. WHITE, Judge.

BELL, Chief Judge. A rule nisi addressed to the appellant and issued by a judge of the Civil and Criminal Court of Cobb County stated that it appeared to the court that appellant had checked out from the clerk's office a criminal accusation in a particular case on December 22, 1969; that the rules of court require that papers removed from the files of the court shall not be allowed to remain out for a period of more than five days; that appellant had failed and refused to return the accusation to the clerk after having been repeatedly requested to do so by the clerk and his deputy and after having been ordered by the court on February 25, 1970, to return the document to the clerk before noon on February 26, 1970. This order required appellant to appear and show cause 10 days after the entry of the rule nisi why he should not be held in contempt of court for his failure to return the accusation. A hearing was held. Appellant at the commencement of the hearing moved to dismiss on procedural grounds. The motion was overruled. Appel-

lant was found to be in contempt of court for failure to obey the order of February 25, 1970, and was sentenced to 3 days in jail and $100 fine. *Held:*

1. The procedural grounds for dismissal raised at trial and now argued on appeal, viz., the case was improperly captioned in that it was not brought in the name of the State on the information of some relator; and that the rule nisi fails to set forth any claim for relief, have no merit. A judge on his own motion on information derived from any source, is authorized to issue a citation for contempt. *Tindall v. Nisbet,* 113 Ga. 1114 (3) (39 SE 450, 55 LRA 225); *Atlanta Newspapers, Inc. v. State of Ga.,* 101 Ga. App. 105 (113 SE2d 148). In Georgia no particular form of procedure is necessary or required in criminal contempt cases. The matters of real importance are whether the respondent was given notice, with sufficient specification as to the charge, and the opportunity to be heard. *Alred v. Celanese Corp.,* 205 Ga. 371, 390 (54 SE2d 240). All this was accomplished in this case. Other grounds of alleged procedural error which were not raised in the trial court are now urged on appeal. They cannot be considered. *Biddinger v. Fletcher,* 116 Ga. App. 532 (157 SE2d 764). There was no error in denying the motion to dismiss.

2. It is contended that the trial court erred in adjudging the appellant in contempt as the order of the court does not specially find the facts and the conclusions of law upon which the order was rendered. Appellant cites *Code Ann.* § 81A-152 (Ga. L. 1969, pp. 645, 646). This amendment to the Civil Practice Act would have no application in this case as, by its express terms, it applies only to actions in the superior court.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*
SUBMITTED SEPTEMBER 9, 1970—DECIDED NOVEMBER 6, 1970.

*Doyle C. Brown,* pro se.