26227. COLLEY et al. v. TATUM et al.

ALMAND, Chief Justice. Jim Tatum and twelve other property and home owners, brought their equitable complaint against L. D. Colley and others, wherein they sought to enjoin the defendants from the operation, continuance and maintenance of chicken houses and pig pens on the premises described in the complaint. They further sought to have the operation of the chicken houses and pig pens declared a private nuisance.

The gravamen of the complaint was: "(a) That about 3:00 a.m. the lights are turned on in said chicken houses causing a great and constant cackle and noise throughout the entire day and also causing thousands of roosters to crow constantly and loudly until daylight. Said crowing awakening plaintiffs and greatly disturbing their nights rest and said cackling creating a constant defensive [sic] noise throughout the daylight hours. (b) The burning of dead chickens which causes a smoke which is filled with chicken feathers and which bears an offensive and obnoxious odor and which pollutes the entire atmosphere wherein petitioners live. (c) That at all times, day and night, said chicken houses and pig pens cause an offensive odor in and about said neighborhood which is highly obnoxious and particularly on days and nights when the humidity is high. (d) That the presence of said chickens and hogs attract [sic] flies, and cause [sic] them to come in great numbers and to breed and to fly in and about the entire neighborhood wherein petitioners live."

On the trial of the case the jury returned a verdict in favor of the plaintiff and on November 4, 1969, the following decree was entered: "It is considered, ordered and adjudged that the verdict of said jury is hereby made the judgment of this court and that the operation of said chicken houses and pig pens as described in plaintiff's petition are declared to be a private nuisance and that the defendants L. D. Colley and Richard Blythe, individually and as agents of Blythe and Colley, Incorporated are permanently injoined [sic] from the operation, continuance and maintenance of chicken houses and pig pens on the premises described in said petition or at any other place in close proxim-

ity of the neighborhood in which the plaintiffs live."

On April 30, 1970, the plaintiffs filed their petition seeking a judgment of contempt against the defendants charging them with the operation of chicken houses in violation of the decree of November 4, 1969.

In their answer the defendants denied that they were operating chicken houses in the manner described in the plaintiffs' original complaint and stated that they have not been engaged since November 4 in the operation of chicken houses in the manner described in the decree.

After a hearing, the court adjudged the defendants to be in contempt, and they were allowed 30 days to purge themselves of contempt by removing chickens of any kind from the chicken houses.

The defendants' motion for a new trial was overruled, and notice of appeal was filed. Error is enumerated on the order adjudging the defendants to be in contempt of court and in overruling their motion for a new trial. *Held:*

"Whether a contempt of court has been committed in the violation of an injunctive order, and how it shall be treated, are questions for the discretion and judgment of the court that issued the order, and its decision will not be interfered with by this court unless there is an abuse of discretion. If there be any evidence from which the judge could have concluded that his order had been violated, this court, under the above rule, has no power to disturb his judgment." *Patten v. Miller,* 190 Ga. 152 (5) (8 SE2d 786).

This being a contempt proceeding, the rule that a preponderance of the evidence is sufficient to authorize finding the defendants guilty is applicable. *Pedigo v. Celanese Corp. of America,* 205 Ga. 392 (3) (54 SE2d 252). The burden of proof to establish the fact that a contempt has been committed is on the party asserting it. 43 CJS 1041, § 273.

We are of the opinion that the movants (the plaintiffs) did not show by a preponderance of the evidence that the present operation of the chicken houses was in violation of the injunctive order and that the trial court erred in finding the defendants to be in contempt.

Under the final decree of November 4, 1969, the defendants were enjoined from maintaining and operating chicken houses as described in plaintiffs' petition. The matters claimed in the petition to be a nuisance were: (a) the turning on of the lights in the chicken houses at 3 a.m. causing roosters to crow, (b) the burning of dead chickens causing offensive and obnoxious odors, (c) the chicken houses and pig pens causing offensive odors, and (d) the presence of chickens attracting flies in large numbers.

The undisputed evidence shows the following facts. At the time the decree was entered, the defendants had in their chicken houses hens and roosters and were engaged in the breeder type of operation of producing eggs. This operation ceased after the decree was entered and the defendants began bringing into the chicken houses one-or two-day old chickens. These chickens were used in a broiler operation and kept there only for nine and a half weeks. There were no crowing roosters. No pigs are kept on the premises. The pig pen fences were torn down and the premises landscaped. No dead chickens were burned on the premises, but dead chickens were carried to a hatchery and there disposed of.

While several of the plaintiffs who live in the vicinity of the defendants' premises testified as to offensive odors and a large number of flies, they also testified as to their having chickens, cows, hogs, and horses on their premises.

Admittedly the keeping of chickens and livestock causes the breeding of flies and filling the air with odors, but no witness was able to say that the flies or odors came solely from the premises of the defendants, because neither flies nor odors carry with them zip code numbers that pinpoint the place of their emanation.

The trial court erred in adjudging the defendants to be in contempt of court.

*Judgment reversed. All the Justices concur.*

ARGUED DECEMBER 15, 1970—DECIDED FEBRUARY 15, 1971.

*Delman L. Minchew, Bennett, Pedrick & Bennett, E. Kontz Bennett, Sr.,* for appellants.

*Kopp & Peavy, John Kopp,* for appellees.