32374, 32513. CITY OF ATLANTA et al. v. INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 134 et al.

HALL, Justice.

This is a dispute between the International Association of Firefighters (plaintiffs-appellees) and the

City of Atlanta, Maynard H. Jackson, Mayor, and A. Reginald Eaves, Public Safety Commissioner (defendants-appellants), over promotion procedures in the Atlanta Bureau of Fire Services.

The central issues in these consolidated appeals flow from a certain order of the Fulton Superior Court dated March 22, 1977, finding appellant Eaves in contempt of a prior order of the court dated December 2, 1975, which enjoined Eaves from promoting any person within the bureau until final trial or further order of the court. The March 22 order sentenced Eaves to 10 days imprisonment, but suspended the sentence on condition that he and the firefighters' union agree by a certain date on a promotion method to be implemented. A later hearing was held April 19, 1977. The trial court found Eaves guilty of contempt in the presence of the court for failure to attend that hearing, and sentenced him to 10 days imprisonment. Following his incarceration the court "suspended" to time served the contempt sentence "of this date." However, the court entered a further written order (the April 19 order) removing the condition upon imposition of the contempt sentence contained in the March 22, 1977 order. *Held:*

1. The validity of the March 22, 1977, adjudication of contempt was raised in the notice of appeal in Case No. 32513. Being properly raised, this issue will be decided.

2. There having been no transcript made of the hearing preceding the March 22, 1977 order, we cannot say that the trial court abused its discretion in finding that the evidence showed Eaves' actions to constitute a wilful violation of the December 2, 1975 order. Accordingly, so much of the March 22, 1977 order as ruled Eaves to be in wilful contempt must be affirmed.

3. The question of the correctness of the trial court's action in finding Eaves in contempt for failure to appear at the April 19 hearing has been mooted by the court's subsequent act of commuting that (but only that) contempt sentence to time served. See *City of Lilburn v. C & E Builders,* 231 Ga. 189 (200 SE2d 764) (1973).

4. The appellants challenge the trial court's action

in awarding (a) attorney fees and (b) costs of litigation including costs of depositions and the court reporter's take-down fee, against them following the adjudication of contempt.

(a) Under *Ragsdale v. Bryan,* 235 Ga. 58 (218 SE2d 809) (1975) and *General Teamsters Local Union No. 528 v. Allied Foods,* 228 Ga. 479, 485 (186 SE2d 527 (1971), which we decline to reconsider and overrule, the trial court has no authority to award attorney fees in a contempt case, and the award was error in the instant case.

(b) Though it is clear that costs on a contempt proceeding may be assessed against the loser in addition to the fine allowable (*Warner v. Martin,* 124 Ga. 387 (52 SE 446) (1905); Code Ann. § 24-3401), it is not so clear what fees may be included in "costs." "The term 'costs,' as applied to proceedings in a Court of Justice, had, in the acceptation of the profession, and by the practice of all Courts of Georgia, a well understood meaning. It includes all charges, fixed by statute, as compensation for services rendered by officers of the Court in the progress of the cause." *Davis v. State,* 33 Ga. 531, 533 (1863).

This court has ruled in an analogous case that the expenses incurred in taking depositions before a commissioner were not includable as costs. *Almand v. Atlantic C. L. R. Co.,* 118 Ga. 468 (45 SE 302) (1903). The conclusion that expenses in discovery are not taxed as costs also flows from the reasoning of Code Ann. § 24-3408, which implies that the expenses incident to actual trial testimony are what is meant to be included in costs. Accordingly, the trial court erred in casting against defendants the costs of depositions.

Similarly, the take-down fee of the court reporter was erroneously included in "costs." Responsibility for the fee of the court reporter is fixed by agreement between parties and reporters, and this responsibility does not change with the outcome of the case. *Ford Motor Co. v. Patterson-Pope Motor Co.,* 56 Ga. App. 794, 798 (194 SE 69) (1937).

Accordingly, so much of the judgment as taxed against appellants' attorney fees, the cost of depositions, and the reporter's take-down fee, was error.

5. Appellants vigorously challenge the March 22 imposition of a condition upon suspension of Eaves' imprisonment. In pertinent part, the trial court's order reads as follows: "This sentence shall be suspended upon the condition that the defendants City of Atlanta and A. Reginald Eaves, Commissioner of Public Safety of the City of Atlanta, submit to this Court on or before March 31, 1977, an objective procedure for handling, on an interim basis, promotions within the Atlanta Bureau of Fire Services, which procedure shall be subject to the prior approval of plaintiffs."

Appellants argue in effect that the trial court has given the firefighters' union final yes or no control over the promotion procedure employed in the Bureau of Fire Services in derogation of these principles of due process: that the court should not empower one party to dictate the outcome of the litigation; and that the city, which has never been adjudicated to be in contempt, should not be bound by the promotion procedure when it is foreclosed from presenting evidence on the issue. We agree.

We have, of course, affirmed the trial court's finding that Eaves was in contempt of the December 2, 1975 order. However, review of the record leads us to conclude that the trial court, in the public interest, wished to allow the dispute to be resolved by an amicable agreement by the parties. The exact language used in the March 22 "condition," however, failed in that objective and could derogate from the rights of the city. Accordingly, we remand to the trial court for reconsideration of the sentence portion of the March 22 order as modified by the April 19 order.

*Judgment affirmed in part, reversed in part, and remanded in part for reconsideration. All the Justices concur.*

32374, SUBMITTED JUNE 17, 1977; 32513, ARGUED JULY 12, 1977— DECIDED OCTOBER 24, 1977.

*Ferrin Y. Mathews, Isabel Gates Webster, Mary Carole Cooney,* for appellants.
*Shulman, Bauer, Deitch, Raines & Hester, Warren S.*

*Shulman,* for appellees.