## 58130. MARTIN v. WATERS.

DEEN, Chief Judge.

Waters brought a habeas corpus action against Martin alleging that the latter was illegally withholding custody of his minor daughter. By a rule nisi the hearing was set for March 16, 1979. On that date the trial judge entered an order reciting that the case was called in open court, the respondent failed to appear, that the failure was contemptuous, and respondent was sentenced to 20 days in jail. There was no hearing and no statement that the case was called at or before 11:00 a.m. Another order published the same day recited that the respondent had been ordered to appear at 11:00 a.m. on March 16, that he failed to appear as ordered, and that the case was set over to March 21. A third order on the same day set bond and granted a supersedeas for purposes of appeal. On March 21 the court noted that the respondent appeared as ordered, found there was no justification for withholding the minor from petitioner's control, and remanded her to Waters' custody. The defendant appeals the contempt sentence.

1. The classification of contempt proceedings as civil or criminal is one depending on the facts of each case. *City of Macon v. Massey,* 214 Ga. 589, 590 (106 SE2d 23) (1958).

This is true of direct and indirect contempts, a direct criminal contempt being one involving misbehavior in the presence of the court or so near thereto as to obstruct the administration of justice. Code § 24-105. Courts have inherent power to punish direct criminal contempts committed in their presence summarily and without a hearing, the judge being aware by use of his own senses of what has transpired. "[W]here a direct contempt is committed in the presence of the court, the offender is not entitled as a matter of right to a hearing before the court. On the other hand the court may . . . act on its own knowledge of the facts and proceed to impose punishment for the contempt. While the court may in its discretion allow such a hearing, the refusal to do so does not deprive the defendant of the due process of law guaranteed by the State and Federal constitutions." *Garland v. State,* 99 Ga. App. 826, 830 (110 SE2d 143) (1959).

2. Where, however, the act is not in the court's immediate presence, due process requires that the accused be given an opportunity to be heard. *Anthony v. Anthony,* 240 Ga. 155, 157 (240 SE2d 45) (1977). Where a witness or litigant who has been ordered to appear at a given time is tardy in his arrival, or does not make an appearance as ordered, the question arises whether the delay or nonappearance was a wilful and contumacious flaunting of the appearance ordered by the rule nisi, whether it was accidental, or whether it was due to some unavoidable cause. The normal procedure when a party or witness who has been ordered to appear does not do so is to arrest him under a bench warrant at which time the cause of the delay can be inquired into. *Moody v. State,* 131 Ga. App. 355 (2) (206 SE2d 79) (1974). *Moody* was reversed because no hearing has been granted to a recalcitrant witness. Contempt is a drastic remedy which "ought not to deprive one of his liberty unless it rests upon a firm and proper basis." *Sorrells v. Cole,* 111 Ga. App. 136, 143 (141 SE2d 193) (1965); and cf. *Atlanta Newspapers, Inc. v. State of Ga.,* 101 Ga. App. 105 (113 SE2d 148) (1960). The burden of establishing the fact of contempt is on the party asserting it. *Colley v. Tatum,* 227 Ga. 294 (180 SE2d 346) (1971). This was particularly emphasized in *Auto Highball Co. v. Sibbett,* 11 Ga. App. 618, 620 (75 SE 914)

(1912) where the appellant twice refused to appear after being summoned and was then as here sentenced to imprisonment for contempt of court. This court held the contempt sentence to be absolutely void because "the judge had no power to impose sentence in the absence of the respondent. The proper course to have pursued would have been to have issued an attachment for the person who had failed to respond to the rule nisi for contempt, have him arrested and brought into court, and have dealt with him in the manner provided by law. The sentence of the court, imposed upon the respondent in his absence, was absolutely void and cannot be enforced against him." The summary sentencing, without a hearing and in the absence of the defendant, was error.

3. This court is under the duty of examining into its own jurisdiction, and we are aware that *Auto Highball Co. v. Sibbett,* 11 Ga. App. 618, supra, also holds that an appeal of a sentence in a case of criminal contempt must designate the state as appellee, it being a necessary party defendant. This was the general rule under the former appellate practice. However, it was held in *White v. State,* 105 Ga. App. 616 (125 SE2d 239) (1962) that the defect, being merely technical, could be cured in the trial court by an order nunc pro tunc and the case, so amended, could be appealed. Dismissal on failure to join the state as a party was refused in *Alred v. Celanese Corp. of America,* 205 Ga. 371, 391 (54 SE2d 240) (1949) on the ground that the question might be tried as a branch of the equity case under consideration but it was held that insofar as the *Auto Highball Co.* dismissal was contrary to the views expressed in *Alred* it would not be followed. Lastly, in *City of Atlanta v. International Assn. of Firefighters,* 240 Ga. 24 (239 SE2d 353) (1977), it was flatly stated that since the judgment of contempt was raised in the notice of appeal (which notice was styled in the civil suit only) the issue would be decided. In the *City of Atlanta* case, of course, there was in fact notice and hearing before the adjudication of contempt in the trial court. Under this authority we have chosen to reverse the case rather than to dismiss the appeal.

Since the sentence, entered in the defendant's absence and without notice or hearing, was void as a

denial of due process, the judgment of the trial court is reversed.

*Judgment reversed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

SUBMITTED JULY 2, 1979 — DECIDED SEPTEMBER 4, 1979.

*B. Wayne Phillips,* for appellant.
W. Edmond Waters, *pro se.*