58326. In re NORRIS et al.

McMURRAY, Presiding Judge.

This action was initiated when a rule nisi was filed in the office of the Clerk of the Superior Court of Columbia County and served upon the individual members of the board of commissioners of that county, requiring each of the commissioners to show cause before the superior court why they should not be adjudged in contempt for having refused and failed to rectify the conditions existing at the Columbia County courthouse which impedes and disrupts the administration of justice in violation of their promise to the superior court. After a hearing, the superior court entered its order containing lengthy findings of fact, finding each of the commissioners in contempt of court. Each commissioner was sentenced to pay a fine of $150 and serve 15 days in the county jail subject to the provision that the commissioners might purge themselves from the jail sentence imposed upon compliance with a number of specified conditions relating to effectuation of repairs to the courthouse. The commissioners appeal from an order holding them in contempt of the superior court. *Held:*

1. In this court, the Superior Court of Columbia County (which was served with the appeal) moved to dismiss the appeal on the grounds that the notice of appeal does not designate any party as

174

appellee and contending in the absence of the designation of a party as appellee there is no valid appeal. As another ground for the motion for the dismissal of the appeal, it is argued that the contempt hearing is of the criminal type and therefore the state is a necessary party defendant so that the failure to make the state a party defendant and serve notice of appeal upon the state is ground for dismissal of the appeal.

Since the decision in such cases as *Welborn v. Mize,* 107 Ga. App. 427 (130 SE2d 623), relied upon by the superior court in its motion to dismiss, the legislature has enacted the Appellate Practice Act of 1965. Code Ann. § 6-701 et seq. (Ga. L. 1965, p. 18, as amended). In particular see in this connection Code Ann. § 6-802 (Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 495; 1973, pp. 303, 304) and Code Ann. § 6-809 (a) and (b) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624; 1978, p. 1986). This statutory revision of the appellate practice rules in conjunction with the trend away from highly technical rules of practice has resulted in *Martin v. Waters,* 151 Ga. App. 149, 151 (3) (259 SE2d 153), where this court chose to consider the merits rather than dismiss the appeal under facts substantially similar to those in this case. See also such cases as *Brown v. White,* 122 Ga. App. 771, 772 (1) (178 SE2d 757); *White v. State of Ga.,* 105 Ga. App. 616 (125 SE2d 239); *Alred v. Celanese Corp. of America,* 205 Ga. 371, 391 (54 SE2d 240); *City of Atlanta v. International Assn. of Firefighters,* 240 Ga. 24 (239 SE2d 353). In view of *Martin v. Waters,* 151 Ga. App. 149, supra, we must consider and rule on the merits of this appeal.

Further, the state, by and through the Attorney General of Georgia, has filed a very comprehensive brief, as a friend of the court. In view of the state's comprehensive brief, it would be a needless and delaying act indeed, under the circumstances, to remand the case for service upon the state, by and through the attorney general. The motion to dismiss the appeal is denied.

2. As stated in *Ensley v. Ensley,* 239 Ga. 860, 861 (238 SE2d 920), the difference between civil and criminal contempt is determined by the purpose for which the power is exercised. *Ensley v. Ensley,* supra, suggests that the conditional or unconditional imposition of a fine or imprisonment indicates the purpose of a contempt order. The order sub judice is confusing in that it is a hybrid which unconditionally imposes a fine but provides conditional imposition of the imprisonment.

3. The principal issue argued in this appeal by not only the parties but also amicus curiae briefs (one by the Attorney General of Georgia) deals with the question of the commissioners' duty to

maintain a properly equipped courthouse in good repair. Generally, the provision and repair of the courthouse rests in the sound discretion of the county governing authority. *Manry v. Gleaton,* 164 Ga. 402 (1), 407-408 (138 SE 777). Columbia County is one of many counties upon which that duty has been conferred upon the county commissioners rather than the judge of the probate court upon whom such duties rest in the absence of contrary statutory provisions. Undoubtedly a manifest abuse of its duties in regard to the maintenance of the courthouse by the county governing authority will authorize the courts to compel appropriate action in order to provide the reasonably suitable quarters necessary for the proper functioning of an independent third branch of government. In this case the issue as to the nature of the circumstances which authorizes the court to act and overrule the discretion of the county governing authority cannot be reached as the superior court has overreached its powers and abused its discretion in entering the contempt order.

4. Code § 24-105 provides that the "powers of several courts to . . . inflict summary punishment for contempt of court shall extend only to cases of misbehavior of any person or persons in the presence of said courts or so near thereto as to obstruct the administration of justice . . . and the disobedience or resistance . . . to any lawful writ, process, order, rule, decree, or command of the said courts. . ." There was no order or decree of the superior court disobeyed by the commissioners. Therefore, the only basis upon which the contempt order could have been granted would be due to misbehavior in the presence of the superior court or so near thereto as to obstruct the administration of justice.

The record before us contains no evidence of any act of disrespect by the commissioners toward the superior court. The alleged failure of the commissioners to comply with their duties in regard to the courthouse is not alone, in the absence of any order of the court, such contumacious conduct as would obstruct the administration of justice. In the case law surrounding this issue there is no case where such inaction as opposed to action has been punished as misbehavior authorizing a finding of contempt.

5. The superior court's contempt order clearly shows that it is predicated at least in part on the failure of the commissioners to keep their promises to the superior court. This is not conduct proscribed by Code § 24-105. "[A] mere informal and voluntary agreement which is entered into with the court by one who is not a party to a cause pending before the court and in which there is no express command or prohibition of court directed to such volunteer, may not constitute the basis for contempt proceedings predicated

upon the failure of the volunteer to honor the same." *Dunn v. Mulling,* 108 Ga. App. 9, 11 (2) (131 SE2d 794).

For all of the above reasons, the judgment holding the county commissioners in contempt is in error.

*Judgment reversed. Deen, C. J., Quillian, P. J., Smith, Shulman and Birdsong, JJ., concur. Carley, J., concurs specially. Banke, J., concurs in the judgment only. Sognier, J., dissents.*

ARGUED SEPTEMBER 24,1979 — DECIDED MARCH 12, 1980 —
REHEARING DENIED MARCH 31, 1980 — ▮▮▮▮▮▮▮▮▮

*A. Rowland Dye,* for appellants.
*Jay M. Sawilowsky, Thomas R. Burnside, Jr.,* for appellee.
*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney, Omer W. Franklin, Jr.,* amicus curiae.

CARLEY, Judge, concurring specially.

I concur with the result reached by the majority and with what I perceive to be the primary basis for the holding. However, I think it important to emphasize that this decision should not be read as condoning the conduct of the county commissioners. Neither should this ruling be interpreted as having the effect of proscribing the exercise of a trial court's power to enforce noncompliance with its lawful orders including the power to punish the failure to act in accordance with a specific order. The procedural imperfection which here resulted in a fatal defect in the court's adjudication of contempt is simply that there was no prior order of the court, disobedience of which would constitute contumacious conduct.

SOGNIER, Judge, dissenting.

I respectfully dissent from the majority ruling, the effect of which is to hold that the state is not a necessary party when a criminal contempt action instituted for the purpose of vindicating the court's authority is appealed. In my opinion, the correct rule, which has been somewhat confused from time to time, is set forth in *Auto Highball Co. v. Sibbett,* 11 Ga. App. 618 (75 SE 914) (1912), where we held: "The State is a necessary party defendant in error to a bill of exceptions complaining of a judgment and sentence against the plaintiff in error for a criminal contempt, *instituted for the purpose of vindicating the court's authority* and *not* for the purpose of enforcing a civil right of an aggrieved party." (Emphasis supplied.) Accord, *Abney v. Harris,* 208 Ga. 184, 185 (65 SE2d 905) (1951). This rule was reiterated in Judge Bell's well-reasoned opinion in *Welborn v. Mize,* 107 Ga. App. 427, 428 (130 SE2d 623) (1963).

The majority relies on *Martin v. Waters,* 151 Ga. App. 149 (259 SE2d 153) (1979), which in turn relies on *Alred v. Celanese Corp. of America,* 205 Ga. 371, 391 (54 SE2d 240) (1949), and *White v. State of Ga.,* 105 Ga. App. 616 (125 SE2d 239) (1962). However, neither *Martin, Alred* nor *White,* supra, overruled *Auto Highball Co. v. Sibbett,* supra, and an examination of the cases cited as authority for the court's decision in *Martin* shows no deviation from the rule laid down in *Auto Highball v. Sibbett,* supra. *Alred* grew out of a private injunction proceeding. Thus the state was not a necessary party as the case dealt with the enforcing of a civil right of an aggrieved party. In *White,* the state was made a party in the court below, and all that was corrected was the style of the case, by issuance of a nunc pro tunc order. *City of Atlanta v. International Assn. of Firefighters,* 240 Ga. 24 (239 SE2d 353) (1977) also involved an injunction proceeding, coming clearly within the rule for contempts in connection with enforcing the civil rights of an aggrieved party set forth in *Auto Highball Co. v. Sibbett,* supra. Thus, the rule is, and remains, that in contempt proceedings instituted to vindicate the authority of the courts, the state must be made a party. I have found no case in Georgia, including *Martin,* supra, which overruled this court's holding in *Auto Highball Co. v. Sibbet.* In contempt proceedings arising out of enforcing a civil right of an aggrieved party, I would agree that the state is not a required party.

If the state is not made a party in criminal contempt proceedings instituted to vindicate the courts' authority, the trial judge is made the prosecutor (or there is none) for his own contempt order. Leaving the prosecution of criminal contempt actions to the ruling judge rents the very fabric of our judicial system. If adequate provisions are not enforced to prosecute criminal contempt the authority of our courts will be drastically weakened.

As pointed out in the majority opinion, our appellate practice rules authorize action other than dismissal when this court is faced with a factual situation such as we find in the instant case. Code Ann.§ 6-809 (a), (b) provides that the trial and appellate courts, at any stage of the proceedings, shall require that parties be served in such manner as will permit a determination of the appeal and shall, when necessary, grant a continuance for that purpose. In view of these provisions the court should, at the very least, order that the state be served as a party in this action pursuant to § 6-809 (a), (b).

Although the majority opinion states that the Attorney General is not a party, it also holds that it would be a needless and delaying act to remand the case for service upon the state, since the

Attorney General has filed a brief as amicus curiae. I disagree with this holding. The filing of a brief as amicus curiae by the Attorney General cannot serve as a substitute for the requirement that the state must be a party to this appeal.